THE NEW ALBANY AND SALEM RAILROAD COMPANY *v.* WILSON.

Where the general denial is pleaded in bar, the defendant is not in a position to plead in abatement to the jurisdiction of the Court over his person; and such a plea is bad on demurrer.

Where time is given, beyond the term, to file a bill of exceptions, and the bill is not filed within the time limited, the Court can not, at a succeeding term, allow the bill to be filed *nunc pro tunc*, without notice to the adverse party.

*Quære:* Whether the Court has power to make such an order even on notice to the adverse party.

*Thursday, June 13.*

APPEAL from the *Putnam* Circuit Court.

HANNA, J.— *Wilson* sued the company for services as engineer, and for disbursing moneys of the defendant. The defendant answered: 1. Denial. 2. To the jurisdiction. 3. Payment. 4. Set-off. 5. That plaintiff was employed at $1,000 per annum, for a time, &c.; that his salary was then increased to $1,500, in consideration that he should perform all other and additional duties to his said regular engagement as chief engineer; which was accepted by the plaintiff in full satisfaction for all his services in any respect whatever, and that the same had been paid. 6. Set-off and counter claim. Reply: in denial of the third, fourth, fifth and sixth paragraphs of the answer. As to the second, that defendant was a corporation of this State, and had an office and agent, upon whom service was had in said county; that neither the president, secretary, cashier, treasurer or clerk of defendant, resided in said county, but in *Floyd* county, *Indiana*, where service was had upon the president; that the cause of action grew out of services rendered by the plaintiff in the construction of the road. of defendant, in the counties of

*Montgomery, Putnam, Owen, Monroe, Lawrence, Orange* and *Washington;* and that the agency for the disbursement of moneys, at said time, was in said *Putnam* county.

There was a demurrer overruled, to this paragraph of the reply. The first question is, whether this ruling is correct. The paragraph of the answer to which this reply was applicable, averred that the general office and agency for the transaction of the business of said defendant was, &c., at, &c., in *Floyd* county; and that said cause of action arose out of, and was connected with, said office, and not out of any office or agency in said *Putnam* county; nor was there any officer or agent in said county upon whom service could be had, &c.

We are of opinion that the ruling on the demurrer was right. By pleading the general denial, an answer in bar, the defendant was placed in a position to be unable to plead the answer in abatement, thus attempted to be set up.

It is next insisted, that the evidence is not sufficient to sustain the verdict. Before we can examine this point, there is a preliminary question to determine, which arises upon a motion, made here to strike out a bill of exceptions appearing in the record.

Upon overruling the motion for a new trial, twenty days were allowed for perfecting the bill of exceptions. It was not filed within that time. At the next term of the Court, the defendant appeared in Court, moved to have the case docketed, and for leave to file the bill of exceptions *nunc pro tunc.* The Court ordered the case docketed, and the bill then filed, as of the time it should have been filed in vacation. The record does not show any notice of said motion to the plaintiff, nor appearance by him. No motion was afterward made by him in the lower Court, in reference to such filing. Should the motion to strike out, made here, be sustained? It has been decided, (*Simonton* v. *Huntington, &c.*, 12 Ind. 380,) that under 2 R. S., § 343, p. 115, if time beyond the term to prepare and file exceptions is granted by the Court, the same tribunal must fix a reasonable time within which the act must be performed; and that it can not be afterward done unless upon leave. But whether such leave afterward given would authorize the act, against the objection of the opposing party, is not there

May Term,
1861.

decided. In *Roloson* v. *Herr*, 14 Ind. 539, it is further held, that if the exceptions are not filed within the time limited, an agreement, in vacation, by the attorneys of the parties, with the consent of the judge, to extend such time, will not authorize such filing, when no order of Court was afterward made permitting the same; thus leaving the question open as to the power of the Court to make such order.

We are of opinion that without notice to, or appearance by, the opposing party, the Court could not, as in this case, make an order at a succeeding term, to permit a bill of exceptions to be filed at a time beyond the limit prescribed, or then as of the time when it should have been done.

Whether, if the party appears, or has been notified and fails to appear, the Court has the power to make such order, we still leave an open question; one about which we have some doubt, though decidedly the safer practice is to act within the time limited. The motion to strike out should be sustained; and this leaves the record in such condition that we can not examine the evidence.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. E. McDonald* and *A. L. Roache*, for the appellant.

*Lucian Barbour* and *John D. Howland*, for the appellee.