NOBLE v. THOMPSON.

BILL OF EXCEPTIONS.— Where time has been given by the court to file a bill of exceptions, if the bill is not tendered, or further time given, within the time first limited, the record is beyond the reach of the court, unless the opposite party be brought in by notice.

SAME.— *Quaere:* Whether leave can be given, even after notice to the opposite party, to file a bill of exceptions after the time first fixed for filing it has expired.

APPEAL from the *Steuben* Common Pleas.

FRAZER, J.— This was replevin by the appellee against the appellant, for a quantity of unthreshed wheat, alleged to have been unlawfully detained.

Questions are presented upon instructions to the jury, given and refused by the court below. But the appellee contends that these questions are not in the record, for the reason that the bills of exceptions, by which the facts appear, were not filed in time. The circumstances were these: At the term at which the judgment was rendered, the appellant was allowed "until the first day of the next term," (*January*, 1863,) to file his bills of exceptions; at that term, no step was taken until the *fifth* day of the term, when an entry was made continuing the cause, and giving until the next term to file the bills. On the second day of that term, (*May*, 1863,) further time, until the last day of that term, was given, and the bills were filed within the time last limited. After the day first limited, the record does not show that the appellee was present, or had any knowledge of the subsequent proceedings.

The settling of bills of exceptions is a very important step in a cause, and never ought to be done without giving the adverse party an opportunity to be heard. Whilst the cause is pending, and until the expiration of the time given, the adversary party is in court, and must guard his interests at his peril. It seems reasonable, as tending to promote justice, that, during that period, the court

might, for good cause, in term, enlarge the time first limited for filing a bill of exceptions, though this seems to have been doubted. *Harrison* v. *Price*, 22 Ind. 165. But where, as in this case, the time given expires without any step having been taken, or further indulgence obtained, it would be most unreasonable and oppressive to require the party to linger about the court for days, (and if for days, why not for weeks?) to watch the movements of his antagonist. No such thing, surely, is required by the law. If the bill be not tendered, or further time given therefor, within the time first limited after judgment, we think that the record of the case must then be regarded as beyond the reach of the court below, unless the opposite party be brought in by notice; and this is the practice where the correction of errors merely clerical is sought. We are not to be understood, however, as suggesting that, even by notice, could leave be obtained to get a bill of exceptions upon the record, after the time given for filing it had expired.

Inasmuch as the bills, in this case, cannot be regarded as any part of the record, the questions presented by the appellant are not in the case before us, and cannot, therefore, be now considered.

The judgment is affirmed, with costs.

*D. E. Palmer*, for appellant.

*A. A. Chapin*, for appellee.