## BALES *v.* SCOTT.

REPLEVIN.—VERDICT.—The objection that a complaint in replevin does not allege the value of the property is cured by a verdict assessing damages to the plaintiff for the detention thereof.

SAME.—FORM OF JUDGMENT.—In an action of replevin, if the finding is for the plaintiff, the judgment should be in the alternative, that the plaintiff recover the possession of the property, or the value thereof, in case a delivery cannot be had, together with the damages assessed for the detention thereof.

SAME.—FORM OF EXECUTION.—Execution should issue in the language of the statute, requiring the sheriff to deliver the property and collect the damages for the detention of the same, or, if a delivery of the property cannot be had, to collect the value thereof and damages.

APPEAL from the *Hendricks* Common Pleas.

RAY, J.—Action by the appellee to recover the possession of a promissory note for $1,000, executed by *Jesse Hendricks* to *John W. Smalley,* and properly assigned to the appellee, and charging the unlawful detention of the note by the appellant after demand, to the damage of the appellee in the sum of, &c. There was a second paragraph charging a conversion of the proceeds of the note. Answers and a reply were filed. The cause was submitted to a jury for trial, who returned a verdict that the property claimed by the plaintiff had been unlawfully detained by the defendant, and assessed the damages.

It is insisted that the complaint is defective in not averring the value of the note. This is cured by the finding of the jury of the amount of damages sustained by the detention. The proof of value was authorized by the allegation of the amount of damages sustained. No damage could have resulted, if the note had been of no value. *Westfall* v. *Stark,* 24 Ind. 377. It is objected that a copy of the note was not set out in the complaint. The action was not brought upon the note, but for its recovery.

The evidence, we think, fully sustains the finding. The judgment is not in proper form. It should have been in the alternative, that the appellee recover the possession of the property, or the value thereof, in case a delivery cannot be had, together with damages for the detention thereof. Section 374, 2 G. & H., p. 219, provides that "in an action to recover the possession of personal property, judgment for the plaintiff may be for the delivery of the property, or the value thereof, in case a delivery cannot be had, and damages for the detention." Whether a delivery of the property can be had, is not an issue before the jury. It relates alone to the judgment. It cannot be intended that this question shall be passed upon by the court before judgment, for the property may be removed after judgment and before it is taken in execution. Our statute provides also, that if the execution be "for the delivery of the possession of real or personal property, it shall require the sheriff to deliver the possession of the same, particularly describing it, to the party entitled thereto; and may at the same time require the sheriff to satisfy any costs, damages or rents and profits, recovered by the same judgment, out of the property of the party against whom it was rendered, subject to execution, and the value of the property for which the judgment was recovered, to be specified therein, if a delivery thereof cannot be had, and shall, in that respect, be deemed an execution against property." 2 G. & H., § 411, p. 231.

Section 339 requires the jury "to assess the value of the property, as also the damage for the taking or detention, whenever, by their verdict, there will be a judgment for the recovery or return of the property."

Thus the finding of the jury enables the court to render the alternative judgment, and the execution should issue thereon in the language of the statute, requiring the sheriff to deliver the property and collect the damages for the detention, and if a delivery of the property cannot be had, to collect the value thereof and damages. Such has been the

construction placed upon a like statute in *New York.* *Dwight* v. *Enos et al.*, 5 Seld. 470; *Fitzhugh et al.* v. *Wiman, id.* 559.

These provisions of the statute, however, are for the benefit of the appellant, and he has not taken the required steps in the court below to secure a modification of the judgment.

The judgment is affirmed, with four per cent. damages and costs.

*C. C. Nave*, for appellant.

*J. S. Miller* and *J. S. Harvey*, for appellee.