———o———

## McElfatrick v. Coffroth.

Bill of Exceptions.—Time of Filing.—Where final judgment has been rendered in a cause, and time is given beyond the term to prepare a bill of exceptions, the court has no power, at a subsequent term, to make an order extending the time for filing the bill, unless some sufficient ground be shown to amend the record.

APPEAL from the Huntington Common Pleas.

RAY, J.—The only errors relied upon for a reversal of this case are presented by what purports to be a bill of exceptions. It is objected, by the appellee, that this paper forms no part of the record. Time was given to prepare a bill of exceptions until the third day of the next term of the court. On the third judicial day of the next term, the court, on its own motion, and without any cause shown of record, made an order giving the appellant until the fifteenth day of the following month to prepare said bill. We have heretofore ruled that no such extension of time can be given, unless upon notice to the adverse party. Sherman et al. v. Crothers, 25 Ind. 417. The paper filed recites that the parties were both present in court. Upon this phase of the subject we have not ruled, but it seems to us to present a serious question, whether, when the time has been fixed by the court, and the final judgment has been entered and the term of court has passed, the jurisdiction of the court to grant any

new extension of time has not ceased. The statute requires that an exception to a decision of the court must be taken at the time the decision is made, but time may be given to reduce the exception to writing, but not beyond the term, unless by special leave of the court. The requirement that the exception be taken at the time the ruling is made, is in accordance with the common law. 2 Tidd's Prac. 863. Our statute clearly implies that while time may be given, in all cases, to reduce the exception to writing during the term, yet there should be some special and sufficient reason for extending, in any case, the liberty beyond the term of the court. While, therefore, we do not decide whether or not it be within the power of the judge, when such liberty has been given in any special case, to grant a new extension of time before the expiration of the date limited, and while the court is in session at a subsequent term, we do not regard it as unreasonable to require that when such leave is granted there should at least be a showing of record, that we may judge whether there existed any reasonable cause for the exercise of such a power, if we should consider it possessed by the court. It is most important to secure accuracy in a bill of exceptions, and to that end the bill should be prepared and presented while the matter is clear in the memory of the court and counsel.

We cannot regard the paper in the record as a bill of exceptions, and must therefore affirm the judgment, with costs.

### ON PETITION FOR REHEARING.

RAY, J.—In this case we had ruled that when the time within which a bill of exceptions was to be presented had been fixed beyond the term of the court, by special leave, that such time could not be again extended after final judgment and the close of the term, without cause shown, of the sufficiency of which we must be enabled to judge from the record. Desiring not to determine any question beyond the one presented by the record, we declined to

decide whether, even upon reasonable cause shown, any power existed in the court, under such circumstances, to extend the time for presenting the bill of exceptions.

An earnest petition for rehearing has been filed, and the rule urged upon our attention that we must presume in favor of the action of the court below, and that the record need not sustain that action where there exists a discretionary power in the court to act. It has, perhaps, resulted in this as in other cases, where a court reaching a conclusion in regard to the point involved, and not desiring to decide any question beyond, has hesitated to state the full ground of the decision, realizing that the reason, if fully stated, would solve questions not presented for its consideration. Since the opinion was pronounced in this cause, other cases have required a consideration of the same subject, and it has accordingly been ruled, in *Albaugh et al.* v. *James, post,* p. 398, that if the bill of exceptions was signed by the judge within the time, it was sufficient, although not filed with the clerk. The party excepting is required to reduce the exception to writing within the time limited, and upon doing this, and presenting it to the judge for his signature, his duty is discharged. It was very plainly intimated, in *Vanness* v. *Bradley et al., post,* p. 388, that the control of the court over any case ended with the final judgment and the adjournment of the court, except only so far as the statute had authorized the judge to reserve a right for a fixed period to sign, or refuse to sign, a bill of exceptions.

To put at rest all doubts, we now, in overruling the petition for a rehearing in this case, decide that when a judge has exercised the power conferred by statute, and extended by special leave the time for preparing a bill of exceptions beyond the term, and has rendered judgment and adjourned his court, his power to make any new order in the case has ceased, unless some sufficient ground be shown to amend the record.

*J. L. Worden, J. Morris* and *J. A. Fay,* for appellant.

*J. A. Coffroth,* for appellee.