## VANNESS v. BRADLEY and Another.

BILL OF EXCEPTIONS—TIME OF FILING.—Where time is given beyond the term to file a bill of exceptions, it must be signed within the time limited, unless the signing is prevented by the death or absence of the judge.

SAME.—Where the time given for the signing of the bill has expired, the power of the judge over the record is at an end.

APPEAL from the *Jennings* Common Pleas.

ELLIOTT, J.—The only errors assigned in the case relate to certain rulings of the court during the progress of the trial, which are stated in a bill of exceptions, which the appellees contend is not properly in the record, because it was not signed by the judge within the time limited by the court. It appears by the record that after verdict the appellee moved the court for a new trial, for reasons filed in writing. The motion was overruled, and judgment rendered on the verdict, and the court gave the appellant sixty days wherein to prepare and present his bill of exceptions. A few days before the expiration of the time limited, one of the appellant's attorneys presented to the judge at chambers a bill of exceptions for his signature, which, on examination, was found by the judge to be incorrect and defective, of which fact he notified the appellant's counsel, and informed them that he would give them a true bill of exceptions. The judge thereupon proceeded to prepare

a proper bill, and while he·was so engaged the appellant's attorneys came to him and said that he need not do anything further about the matter; that they had concluded to withdraw from his hands the bill of exceptions prepared by them, and would file it with the clerk, as it then was, without his signature; and upon being again told by the judge that he was willing to sign a true bill of exceptions, but could not sign that presented by them unless he was permitted to correct it, they said they were not willing to have it changed, and thereupon withdrew it. At the next term of the court, and long after the time limited therefor had expired, the appellants asked the judge to sign a proper bill of exceptions in said cause, whereupon the bill copied into the record was signed, to which the appellees objected and excepted.

The code provides that "the party objecting to the decision must except at the time the decision is made, but time may be given to reduce the exception to writing, but not beyond the term, unless by special leave of the court." Sec. 343. Here, by "special leave of the court," the apellant had sixty days, a period extending beyond the term of the court at which the judgment was rendered, within which to reduce the exception to writing, and present it to the judge for his signature. If the exception be not presented within the time limited therefor, the party not being prevented therefrom by the death or absence of the judge, it is too late to present it afterwards. Ordinarily, the power of the court over the record terminates at the expiration of the term at which final judgment is rendered, but the statute referred to permits the judge to extend the time for preparing and reducing exceptions to writing beyond the term, by special leave, and when the period of such leave has expired, the power of the judge over the record is terminated. Any other construction of the statute would open a wide door to abuse.

In this case, the appellant's counsel attempted to reduce their exception to writing within the time limited, but the

judge refused to allow and sign it, because it was not true, and when the judge offered to correct it and then sign it, they refused to permit him to do so, and withdrew it, and permitted the.time limited to expire without again presenting it for allowance and signature. This was a waiver of the right, and it was too late to present it at the next succeeding term of the court.

The exception not being properly in the record, we cannot notice it, and without it no question is presented by the record for our consideration. The judgment must therefore be affirmed.

The judgment is affirmed, with costs.

*H. W. Harrington*, for appellant.

*C. E. Walker*, for appellees.