THOMPSON *v.* EAGLETON.

BILL OF EXCEPTIONS.—*Time of Signing.*—Where time beyond the term at which final judgment was rendered has been given, in which to prepare and settle a bill of exceptions, and the bill appears by the judge's certificate thereto to have been presented to him and signed after the expiration of the time so limited, it cannot constitute a part of the record.

REPLEVIN.—*Form of Judgment.*—*Motion for New Trial.*—A judgment for the plaintiff in an action of replevin should be in the alternative—that the plaintiff recover the possession of the property, or the value thereof in case a delivery cannot be had—and for damages for the detention; but where the finding contains all the requisites for the rendering of a proper judgment for the plaintiff, and the judgment is not in the form so prescribed, being simply for the value of the property and damages, no question as to the defective form of the judgment is raised by a motion for a new trial assigning for cause, "that the judgment is contrary to law and is not supported by sufficient evidence."

APPEAL from the Marshall Common Pleas.

ELLIOTT, J.—Suit by Margaret P. Eagleton against Thompson, the appellant, to recover the possession of two horses, harness, and a wagon.

Issues were formed, which were tried by the court. Finding for the plaintiff below, that she was the owner and entitled to the possession of the property described in the complaint, and that the horses were of the value of two hundred and fifty dollars, the harness twenty-five dollars, and the wagon twenty-five dollars; that the plaintiff had possession of the wagon, and that the delivery of the residue could not be awarded, the same not having been found, and assessed the plaintiff's damages at one cent. Judgment for two hundred and seventy-five dollars, the value of the horses and harness, and for one cent damages and costs.

The appellant moved for a new trial, "for the reason that the judgment of the court is contrary to the law, and is not sustained by the evidence;" which was overruled.

The cause was tried at the October term, 1868, and the appellant was allowed until the first day of the next succeeding term of the court "to prepare and settle" his bill of exceptions. No bill of exceptions is found in the record of the cause; but a separate paper was filed, which is certified by the clerk of the same court to be a full and complete copy of the bill of exceptions in said cause, "as the same appears of record on file" in the clerk's office, which appears, by the judge's certificate, to have been presented to him and signed, on the 3d day of March, 1869. This was not within the time limited by the court. The term of the court next succeeding that at which the judgment was rendered commenced on the 1st Monday in February, 1869. It was too late to present the bill of exceptions to the judge for his signature afterwards. *Vanness* v. *Bradley*, 29 Ind. 388; *McElfatrick* v. *Coffroth*, 29 Ind. 37; *Earl* v. *Dresser*, 30 Ind. 11.

The judgment should have been in the alternative, that the appellee recover the possession of the property, or the value thereof in case a delivery could not be had. 2 G. & H. 219, sec. 374; *Bales* v. *Scott*, 26 Ind. 202.

No exception, however, was taken to the judgment in the

court below, and it is not therefore available on error in this court. The question is not presented on a motion for a new trial stating that the judgment is contrary to law and is not sustained by sufficient evidence. The finding of the court contained every requisite for a proper judgment, and hence the error in the judgment was no ground for a new trial.

The objection might have been reached by a motion that the proper judgment be rendered on the finding, or by a direct exception to the judgment in the form in which it was rendered.

The judgment is affirmed, with costs and five per cent. damages.

*A. C. Capron* and *M. A. O. Packard*, for appellant.

*T. S. Cogley*, for appellee.

