WHITWORTH ET AL. *v.* SOUR.

PLEADING.—*Former Adjudication.—Promissory Note.—Dismissal.—Release.*— In an action against the makers of a promissory note, the defendants filed an answer of former adjudication in an action by the plaintiff, against the defendants, before a justice of the peace, on the same note, wherein judgment was rendered against but one of the defendants, and that, on appeal by him to the circuit court, the action was there dismissed by the plaintiff.

*Held,* on demurrer, that the answer is insufficient.

*Held,* also, that such dismissal released none of the makers.

BILL OF EXCEPTIONS.—*Time.—Filing.—Time Granted after Term.*—The record of a cause appealed to the Supreme Court showed, that, in term time, a certain period had been granted within which to file a bill of exceptions, and that, after the expiration of such period and term, a bill of exceptions had been filed, showing that a longer time, not then expired, had been granted for such filing.

*Held,* that, after the expiration of the term, the judge had no power to grant any, or a longer, time for filing a bill of exceptions, and that it had not been filed in time.

From the Henry Circuit Court.

*Brown & Brown* and *Forkner & Bundy,* for appellants.

*A. M. Grose* and *W. Grose,* for appellee.

BIDDLE, J.—Complaint on a promissory note alleged to have been made by John L. McCorkle, William B. Whitworth and Benjamin Benbow, by the name and style of McCorkle & Co.

Whitworth and Benbow answered:

First. The general denial; and,

Second. That on the 29th day of April, 1874, the plaintiff in this action brought suit before a justice of the peace on the identical note sued on in this suit, and against these identical defendants, demanding judgment for two hundred dollars thereon; that all of these defendants, except John L. McCorkle, who was not served with process, appeared to said action, and submitted the same on the merits to said justice for final trial, and he, having heard all the evidence in the case, rendered judgment against the defendant Whitworth for one hundred

and fifty dollars and ten cents, with interest and costs; that Whitworth appealed from that judgment to the circuit court, but, as to said plaintiff and Benbow, said judgment yet remains in full force and effect. That, after the case had been so appealed, the plaintiff, as to Whitworth, dismissed his cause of action; that said dismissal released Benbow; and that, he being thus released, Whitworth is also released.

To the second paragraph of answer a demurrer, stating a want of sufficient facts alleged, was sustained, and exception reserved.

There is no error in this ruling. The appeal by Whitworth from the judgment of the justice to the circuit court, and the dismissal of the cause therein by the plaintiff, did not discharge Whitworth from liability on the claim. The plaintiff could commence his suit again with the same legal rights as if no previous suit had been commenced. And there is no judgment stated to have been rendered against Benbow. For aught the answer shows, the case as to him might have been dismissed before the justice of the peace, or some other disposition made of it which did not discharge him from the debt. And how the dismissal of a pending suit in the circuit court against Whitworth could discharge Benbow from liability on the same claim, we do not perceive.

This is the only question presented in the record.

There was a jury trial, and a verdict found against the appellants, in the circuit court. A motion for a new trial was made by the appellee, overruled by the court, exception taken, and thirty days granted to file a bill of exceptions. The bill of exceptions was not filed until after the term of court had expired, and not within the thirty days granted by the court; but, in the bill of exceptions, it is stated, that " sixty days' time is given said defendants in which to prepare and file their bill of exceptions in said cause ;" and the bill of exceptions was signed and filed within these sixty days. The question is therefore

presented, whether the decision of the court in term, or the order of the judge at chambers, shall govern.

The statute (2 R. S. 1876, p. 176, sec. 343,) provides, that "time may be given to reduce the exception to writing, but not beyond the term, unless by special leave of the court;" and we are of opinion that the court in term, only, can extend such time, and not the judge at chambers. When the time given for the signing of a bill of exceptions has expired, the power of the judge at chambers over it for that purpose is at an end. *Vanness* v. *Bradley*, 29 Ind. 388; *McElfatrick* v. *Coffroth*, 29 Ind. 37; *Vandoren* v. *Kimes*, 29 Ind. 582; *Roloson* v. *Herr*, 14 Ind. 539; *The New Albany and Salem R. R. Co.* v. *Wilson*, 16 Ind. 402; *Harrison* v. *Price*, 22 Ind. 165; *Earl* v. *Dresser*, 30 Ind. 11; *Thompson* v. *Eagleton*, 33 Ind. 300.

We think the bill of exceptions forms no part of the record.

The judgment is affirmed, with costs.