ROBINSON ET AL. *v.* JOHNSON.

BILL OF EXCEPTIONS.—*Time of Filing.—Power of Court to Grant Time Beyond Term.*—When the court has once fixed the time beyond the term within which a party must file his bill of exceptions, its power is exhausted, and it can only grant an extension thereof by the joint consent of both parties.

SAME.—*Consent.—Presence of Party in Court.*—The constructive presence of the opposite party in court, in such case, to attend to the entry of final judgment and to answer to a motion to tax costs, is not such consent as will justify the court in granting an extension of such time. Such bill of exceptions was taken out of court, as between the parties, when leave was given to prepare and file it, and any *ex parte* change of the entry of such leave, after the close of the term, was void.

From the Marion Circuit Court.

*B. Harrison, C. C. Hines, W. H. H. Miller, C. W. Smith* and *R. O. Hawkins,* for appellants.

*J. T. Dye, A. C. Harris, L. Barbour* and *J. H. Laird,* for appellee.

PERKINS, J.—We take the statement of the case from the appellants' brief:

"This was an action, brought by the appellants against the appellee, to declare a trust in certain real estate in the complaint described, and for an accounting.

"As there is no question arising upon the pleadings, we pass for the present the discussion of the issues joined in the cause.

"There is a preliminary question in the record which we first wish to dispose of, and that is the question as to whether the bill of exceptions is in the record. The ap-

pellee will doubtless insist upon the negative of this question.

"The facts, as will appear from the transcript in the case, are these : Upon the 20th day of November, 1875, being the 42d day of the August term of the Marion Circuit Court, the court overruled the appellants' motion for a new trial, and thirty days were given in which to file a bill of exceptions; the case was not disposed of at the term at which the motion for a new trial was made and overruled, but was continued until the next term, upon a motion made by appellee to tax costs of struck jury to the appellants, and no judgment whatever was rendered at that term of the court.

"At the next term, to wit, the December term of the court, upon the 15th day of December, 1875, and within the time allowed for the filing of said bill of exceptions, the appellants moved the court to grant them an additional fifteen days in which to prepare and submit the bill of exceptions, for the reason that the official stenographer who had taken the evidence in short-hand upon the trial, had not been able to write it out at length, and also that the appellee, though requested so to do, had failed to furnish the stenographer with documents under his control and possession, necessary to be inserted in the record of the evidence, which motion the court sustained, and granted the time requested. This was before the final disposition of, or judgment in, the case. Afterward, upon the 30th day of December, 1875, the case was disposed of, the court overruling motion of appellee to tax costs of struck jury to appellants, and rendering judgment against appellants for other costs. And at the same time, and within the additional fifteen days allowed for filing bill of exceptions, but not within the original thirty days allowed for that purpose, the appellants, by leave of court, filed their bill of exceptions, which was signed by the court and directed to be made part of the record. No notice of the

motion for an extension of time was given to the appellee, nor did he appear.

"Under this state of facts is the bill of exceptions in the record? The question is, 'Is it within the power of the court trying a cause, after once having fixed the time within which the appellant must file his bill of exceptions, within the time so allowed and before judgment in said cause, but after the term at which such leave is granted, to grant an extension of the time?'

"If this precise question has ever been settled by this court, we have overlooked the case in which it is decided."

It is provided in our code of practice, that "The party objecting to the decision must except at the time the decision is made; but time may be given to reduce the exception to writing, but not beyond the term, unless by special leave of the court." 2 R. S. 1876, p. 176, sec. 343.

By section 346 of the code, it is provided as follows:

"Where the decision is not entered on the record, or the grounds of objection do not sufficiently appear in the entry, the party excepting must reduce his exception to writing, and present it to the judge for his allowance and signature. If true, the judge shall sign it, whereupon it shall be filed with the pleadings as a part of the record, but shall not be spread at large on the order book. If the writing is not true, the judge shall correct it, or suggest the correction to be made, and sign it."

It thus appears, that the preparation, perfecting and putting on file of a bill of exceptions in a cause are matters alone with the party to whom the leave is given to prepare a bill and the judge of the court. The opposite party, as to the bill, is out of court as soon as the leave to prepare it is given. Neither the statute nor order of leave in the case by the court gives the appellee any right to participate in the preparation of the bill. By courtesy in practice, the opposite party is very properly permitted to see the bill before it is presented to the

judge for signature, but the statute contemplates nothing of the kind. It is made the duty of the judge to understand the facts of the case, and to know and declare the truth or otherwise of the bill of exceptions properly presented to him for signature, and to sign it if true.

The case before us, then, is this: A jury trial had terminated in a verdict for the appellee. The appellants had moved for a new trial, and the motion had been overruled. By the law of the land, the judgment followed the verdict, which the court might at any time enter, or cause the clerk to enter. The appellants obtained leave to file a bill of exceptions within a certain time beyond the term, showing the errors, as they claimed, of the court, in the proceedings resulting in the verdict. To this grant of leave the appellee was a party. The appellants failed to file the bill within the time, but filed it afterwards, on *ex parte* leave of the court; and the question is, is that bill a part of the record?

The statute gave the court no power to grant the fifteen days' extension of time. Its first grant of time beyond the term exhausted its power in that regard. It could only have derived its power to grant a second extension from the joint consent of both parties. Was such consent given?

It is not claimed that it was actually given. But it is claimed that the appellee was constructively in court to attend to the entry of the final judgment, and to answer to the motion to tax costs; that hence he was in for, and consenting to, the extension of time as to the bill of exceptions. As matter of fact he was not in court when the extension of time was granted.

Admitting, for the purpose of this case, without deciding, that he was constructively in court as to the two matters, viz., the entry of judgment and taxing of costs, he was not so in court as to the bill of exceptions, because the subject-matter of the bill of exceptions itself was not in court. It had been taken out of court, as a matter be-

tween the parties, when leave had been given to the appellants to prepare, get signed by the court, and file within thirty days a bill of exceptions. Such entry of leave had been entered of record and signed by the court, and the court had adjourned. Any *ex parte* change of that entry after the close of the term was void.

This view is supported by *Cutsinger* v. *Nebeker*, 58 Ind. 401, on p. 405, and the cases there cited; *The New Albany, etc., R. R. Co.* v. *Wilson*, 16 Ind. 402; *Greenup* v. *Crooks*, 50 Ind. 410; *The Board of Comm'rs, etc.,* v. *Eperson*, 50 Ind. 275; *Whitworth* v. *Sour*, 57 Ind. 107; *The Pennsylvania Co.* v. *Sedwick*, 59 Ind. 336.

We disregard, under the circumstances of this case, the reasons assigned for the grant of additional time; but if they did, in fact, exist, they made a case for an immediate application to court for compulsory process to compel the production of the documents, etc., and as incident to such proceedings, both parties being before the court, probably an extension of time might have been agreed to.

The bill of exceptions is not in the record.

The only assignment of error being, that the court erred in overruling the motion for a new trial, no question is presented to this court by the record.

The judgment is affirmed, with costs.