Kirby v. Bowland.

———————

KIRBY v. ᵀ WLAND.

BILL OF EXCEPTIONS.—*Signing of.—Nunc Pro Tunc Entry.—Estoppel.*—Time beyond the term having been granted to prepare and file a bill of exceptions, the bill was prepared and filed within time, but was not signed by

the judge because he had absented himself so that it could not be presented to him for signature.

*Held,* that such bill, though subsequently signed by the judge in open court, in the presence and without the objection of the parties, could not be made a part of the record either by a *nunc pro tunc* entry or in an original proceeding.

From the St. Joseph Circuit Court.

*W. G. George, W. H. Calkins, D. J. Wile, J. D. Osborn* and *G. Pfleger,* for appellant.

*L. Hubbard* and *A. Anderson,* for appellee.

Biddle, J.—Complaint by the appellee against the appellant, founded upon alleged frauds in the exchange of lands. The proceedings resulted in a judgment against the appellant, from which he appeals.

As no question is presented by the record except such as must have been reserved by a bill of exceptions, we are met *in limine* with an important question of practice, namely, whether the bill of exceptions is properly in the record or not. The judgment was rendered on the 29th day of March, 1876, at which time the court ordered "that the defendant have ninety days to file a bill of exceptions herein." This time would expire on the 27th day of June, 1876.

The bill of exceptions was filed on the 24th day of October, 1876. Upon the face of the transcript, as it comes to this court, the bill was filed too late and could not be considered a part of the record. But, upon a *certiorari* granted by this court, the appellant applied to the court below at its December term, 1878, on motion, to enter certain proceedings *nunc pro tunc,* making the bill of exceptions a part of the record. Upon the trial of the motion the court found the following facts: "That the above entitled cause was tried at the March term, 1876, of said court; that an appeal, after judgment over a motion for a new trial, was prayed on the 29th day of March, 1879, and that ninety days from date were given the defendant within which to prepare and file his bill of excep-

tions; that about the 10th or 12th day of June, 1876, Thomas S. Stanfield, the then judge of said court, before whom said cause was tried, left the State of Indiana, and went to Cincinnati, Ohio, and from there to Washington in the District of Columbia; that on the 23d day of June, 1876, the said bill of exceptions was prepared ready for the signature of the judge, and was presented for such signature at the chambers of said judge in the city of South Bend; that the said defendant did not know that said judge was absent from the State, or was contemplating leaving until after he had gone; that, immediately upon learning of said judge's absence, the said defendant proceeded to Cincinnati, Ohio, to find said judge, and, failing to find him, went to Washington, as aforesaid, for the like purpose, and for the purpose of obtaining. his signature to said bill of exceptions; failing to find him, he returned to South Bend, and on the 27th day of June, 1876, deposited said bill of exceptions in the office of the clerk of said court; that said clerk filed the same by endorsement on that day; that afterwards, on the 24th day of October, 1876, in open court, in the presence of the attorneys for both parties, and with their knowledge, the said bill of exceptions was signed by said judge, but that no entry of that proceeding was entered on the order book of the court or the minutes of the judge; that after the return of the judge, to wit, about the 8th day of July, 1876, and as soon thereafter as said defendant knew of his return, he took said bill of exceptions from the clerk's office, where it had remained since the 27th day of June, 1876, and laid it before the judge; that the judge received it but declined signing it until it had been shown to the attorneys for the plaintiff for their approval or correction; that the same was afterwards submitted to them, and they made no objection to its correctness, and the bill was signed as hereinbefore set forth; that the bill so signed was in all things precisely as it was when first prepared and presented at

the judge's chambers for his signature on the 23d day of June, 1876 ; that W. G. George, one of the attorneys for the defendant, knew of the contemplated absence of said judge, but was under the impression from conversation with said judge that he would not leave South Bend till the last part of June, so as to enable him to be at Philadelphia, Pennsylvania, July 4th, 1876, and was not aware of his change of intention until after his departure."

Upon these facts the court ordered the bill of exceptions to be made a part of the record in the case.

According to the common law, exceptions had to be taken, and the bill of exceptions sealed, during the term at which the trial was had ; and by the statute of Westm. 2, 13 Edward I., c. 31, the judge was compelled to seal the bill at the same time.　3 Bl. Com. 372.

This would be the rule yet in this State, except for our statute, which enacts that " The party objecting to the decision must except at the time the decision is made ; but time may be given to reduce the exception to writing, but not beyond the term, unless by special leave of the court." 2 R. S. 1876, p. 176, sec. 343. It is plain, by this section, that the court must give the leave during the term at which the trial was had ; and, after the leave is once granted at that term, there is no power to extend the time after the term has passed.　Nor do we see how the action of the court at its December term, 1878, can be sustained as a *nunc pro tunc* entry based upon the action of Judge Stanfield at the October term, 1876.　No written notice or paper of any kind was then filed, no entry upon the judge's docket made, no minute of any kind seems to have existed upon which to base a *nunc pro tunc* entry.　A court may record a fact *nunc pro tunc;* that is, if the fact existed then, it may record it now; but it can not record a fact now which did not exist then ; and there must be some record, note, entry or minute of some kind, on which to base it, connecting it with the case.　A court can not do an

act at a subsequent term which was necessary to have been done, but was not done, at a previous term. *Wilson* v. *Vance*, 55 Ind. 394; *Bales* v. *Brown*, 57 Ind. 282; *Miller* v. *Royce*, 60 Ind. 189. Nor can the action of the court at the December term, 1878, be sustained as an original proceeding. The statute grants no power to extend, at a subsequent term, the time granted at a previous term, within which to reduce exceptions to writing, prepare a bill of exceptions, and have it filed. Such has been the practice, we believe, since the code was adopted. *Roloson* v. *Herr*, 14 Ind. 539; *The New Albany and Salem R. R. Co.* v. *Wilson*, 16 Ind. 402; *Everhart* v. *Hollingsworth*, 19 Ind. 138; *The Terre Haute Gas Co.* v. *Teel*, 20 Ind. 131; *Noble* v. *Thompson*, 24 Ind. 346; *McElfatrick* v. *Coffroth*, 29 Ind. 37; *Port* v. *Russell*, 36 Ind. 60; *The City of Terre Haute* v. *Ripley*, 43 Ind. 508; *Warner* v. *Campbell*, 39 Ind. 409; *Whitworth* v. *Sour*, 57 Ind. 107; *Robinson* v. *Johnson*, 61 Ind. 535; *Davidson* v. *The State*, 62 Ind. 276.

These authorities show the discussions of the question under the code until it became settled as above decided, and, according to them, we must hold that filing the bill of exceptions in this case by the clerk on the 27th day of June, 1876, before the judge had signed it, signing it by Judge Stanfield on the 24th day of October, 1876, and the action of the court at the December term, 1878, either as a *nunc pro tunc* entry, or an original proceeding, are without authority of law, and are, therefore, null and void.

Having thus arrived at the conclusion that the bill of exceptions is not properly in the record, and can not form a part of it, no other question remains for our decision.

The judgment is affirmed, at the costs of the appellant.

Petition for a rehearing overruled.