Seivers *v.* Dickover *et al.*

No. 11,844.

## SEIVERS *v.* DICKOVER ET AL.

FRAUD.—*Transfer of Property by Failing Debtor.—Attachment.—Replevin.— Possession.*—Where a fraudulent transfer of personal property by a failing debtor is made the ground of attachment proceedings by creditors, and such ground is sustained, such attaching creditors are entitled to possession of such property as against the debtor and his vendee.

SAME.—*Judgment for Value.*—A judgment in favor of the attachment plaintiffs for the value of the property, in case a return can not be had, is authorized by the statute.

SAME.—*Rights of Fraudulent Vendee.*—The fraudulent vendee of a failing debtor is not entitled to receive, out of the property, money paid by him in such transaction, even where it has gone to *bona fide* creditors, as the law will leave parties who have been convicted of fraud where it finds them.

From the Laporte Circuit Court.

*T. J. Merrifield* and *J. E. Cass,* for appellant.

*A. L. Jones, F. P. Jones* and *W. Johnston,* for appellees.

ZOLLARS, C. J.—The evidence establishes, or at least tends to establish, the following state of facts: On and prior to the 17th day of August, 1881, Thomas Garland was the owner of a stock of boots and shoes, book accounts, etc., of the value of $2,880. At that time he was indebted to appellees, except Dickover, much in excess of the value of the goods and accounts, and had no other property. On that day, for the purpose of defrauding his creditors, some of whom were the appellees, except Dickover, he sold and transferred the goods and accounts to appellant for $1,000. Appellant became the purchaser with full knowledge of the fraudulent purpose of Garland, and with the intent on his part to further the end in view by Garland. As a part of the purchase-money, appellant paid a judgment against Garland, and a note that Garland owed a bank. Appellant was liable for the judgment, by reason of being on an appeal bond with Garland. The bank had taken out a writ of attachment against Garland, and it was in the hands of the sheriff before the transfer to appellant was completed. Appellant, having

paid the note, no levy was made. This bank note and the judgment amounted to $658. The balance of the agreed price of $1,000 appellant paid to Garland. On the day following the transfer, appellees, except Dickover, brought a suit in attachment against Garland, on the ground that the transfer to appellant was fraudulent and void as against them. To this suit appellant was made a party defendant. The goods were seized under the writ and taken possession of by appellee Dickover, as sheriff, as the goods of Garland. Subsequent to this, appellant instituted a suit in replevin against the sheriff and the other appellees, and upon a proper affidavit under section 1267, R. S. 1881, the stock of goods was delivered to him. By agreement of the parties, these two cases were both submitted to the court at the same time and tried upon the same evidence. The court found for appellees, and that appellant is not entitled to the possession of the goods, as owner or otherwise, as against appellees; that appellees are entitled to the possession, and that the goods are of the value of $2,880. Over a motion for a new trial, a judgment was rendered for a return of the goods to appellees, and, in case a return can not be had, that appellees recover from appellant the sum of $2,880. On the day following the rendition of the judgment, appellant moved for a modification and reduction of it, by an allowance to him, as a credit, of the amount that he had paid on the Garland note to the bank, and on the judgment against Garland. This motion was overruled and he excepted. His contention here is that this motion should have been sustained, even though the transaction between him and Garland may have been fraudulent, as the amount thus paid went to *bona fide* creditors of Garland; and, as we understand the argument, that although appellant may not have established his right to the possession of the property, appellees also failed to establish their right to the possession, and that, therefore, there should have been no judgment for the return of the property to them, nor judgment for the value thereof, in case a return

could not be had. The ground of attachment having been sustained, the appellees were entitled to the possession of the goods as against Garland and appellant. Had the attachment suit been tried separately, and a finding made and judgment rendered in favor of appellees, the goods would have been ordered sold. Such a judgment and order would have been conclusive as against appellant, who was a party to that suit.

In the finding and judgment in the case as tried, is necessarily included a finding that the attachment was well laid. The burden was upon appellant. He could recover, if at all, only upon the strength of his own title. He could recover only by showing that his purchase from Garland was *bona fide,* and for value, and that hence the attachment by the creditors was not well laid. This the court below found he failed to do. We can not disturb that finding.

There is nothing erroneous in the judgment in favor of appellees for the value of the property in case a return to appellees can not be had. Such a judgment is authorized by the statute. R. S. 1881, section 572; *Thompson* v. *Eagleton,* 33 Ind. 300; *Bales* v. *Scott,* 26 Ind. 202.

It is difficult to perceive upon what substantial ground credit could be given to appellant for the amount of the purchase-money which he paid on Garland's note to the bank and on the judgment against Garland. If the transaction between appellant and Garland was not fraudulent as against appellees, the finding and judgment should have been for him, as the owner of the goods. If, on the other hand, the transaction was void or voidable as against appellees, it was because it was fraudulent as to them. To allow appellant, out of the property, what he thus paid would be to adjudge his transaction thus far an honest one, and thus make the sale to him void in part and valid in part.

A failing debtor may prefer creditors if it be honestly done, but this is not that kind of a case. Appellant doubtless paid

the judgment because he was liable for it.   The payment of the note to the bank was a necessity to the sale.   If it had not been paid, the goods would have been taken under the bank's attachment.   To protect any of Garland's creditors was no part of the purpose of the sale to appellant; the purpose of the sale was to defeat the creditors.

The loss of the amount paid by a fraudulent grantee is the penalty that the law inflicts for the fraudulent transaction. To refund to such a grantee the amount he has paid would be to destroy the penalty.   Such a holding would destroy the salutary restraints which the law has built up against such transactions, by removing all danger of loss.   When once a party has been convicted of fraud, the law refuses its aid to him in any manner or form, and leaves him, as to that transaction, just where it finds him.   Bump Fraud. Conv. (3d ed.), pp. 486 and 614.

The judgment is affirmed, with costs.

Filed April 25, 1885.