### EVANS and others *v.* BAGGS.

*(Supreme Court of New Mexico.* January 14, 1887.)

EXCEPTIONS — SIGNING AND FILING OF BILL — SERVICE — SECTION 2198, COMP. LAWS N. M. 1884—RULE 24, SUP. CT.

Under section 2198, Comp. Laws N. M. 1884, providing that bills of exceptions must be settled and signed within 30 days after the judgment is entered, and under section 1 of rule 24 of the supreme court of the territory, requiring the appellant to prepare his record and bill of exceptions, and serve a copy thereof upon the appellee or his attorney within 10 days after judgment, the bill of exceptions must be served, signed, and filed within the time specified, unless it shall be extended or enlarged by order of the court or judge, the time cannot be extended by the stipulation of the parties.

Appeal from Third district, Dona Ana county.

Motion to strike record and bill of exceptions from the files. Motion sustained.

*Newcomb & McFie,* for plaintiffs. *J. D. Bryan,* for defendant.

BRINKER, J. On the eighteenth day of March, 1886, plaintiffs recovered judgment against defendant in *assumpsit,* for the sum of $1,907. On the next day the defendant filed his motion for a new trial, which was heard and denied on March 22d. On March 23d he prayed for and was allowed an appeal to this court. The court at the same time gave him 30 days from that date in which to complete and file his bill of exceptions. On April 24th, defendant having failed to file a bill of exceptions, it was stipulated by the parties that the time allowed by the court for that purpose might be extended 15 days, and on May 10th, by another stipulation, the time was further extended until June 1st. These stipulations were not filed until May 28th. The attention of the judge was not called to these agreements, nor were orders obtained from him enlarging the time for perfecting and filing the bill. In pursuance thereof, May 28th, the bill of exceptions was signed by the judge and filed, and a transcript forwarded to this court. Plaintiffs now move to strike this record and bill of exceptions from the files, for the reason that defendant failed to comply with rule 24 in the preparation and filing of it. Counsel also urges us to ignore this record, because he says that, while it purports to have been signed and filed on May 28th, it was in fact signed and filed long after that time, and offers affidavits in support of his statement. Whatever the truth may be as to this, we cannot entertain the suggestion. The bill, when signed and filed, cannot be shown to be untrue here, nor can it be altered or changed. The record imports absolute verity, and the date is as much a part of the record as its substance. A citation of authorities upon this point is unnecessary.

It was further insisted on the argument that the record should be stricken out because appellant had not delivered to appellees or their counsel, ten

days before the first day of this term, two printed copies of the transcript, as required by rule 23. This point cannot be considered, because it is not in the motion, and, if it were, there was no notice served upon appellant 24 hours before the filing of the motion that the motion would be filed. When it is desired to strike out records under this rule, all the requirements of the rule must be complied with. The motion must be filed on the second day of the term, supported by affidavit, and notice must be served upon appellant or his counsel, 24 hours previous to the filing of the motion, that it will be filed, and upon what ground it is based. We think the motion, to strike out this record, for failure to observe the requirements of rule 24, must be sustained.

Section 2198, Comp. Laws 1884, provides that "bills of exception must be settled and signed within 30 days after the judgment is entered, unless the court or judge shall enlarge the time." Section 1 of rule 24 requires the appellant to prepare his record and bill of exceptions, and serve a copy thereof upon the appellee or his attorney within 10 days after judgment, unless the time shall be extended by the court, etc. This rule is in harmony with the statute, *supra*. The statute requires the bill to be signed and filed within 30 days, unless the court or judge shall enlarge the time, and the rule requires the bill to be prepared and served in 10 days after judgment as a preliminary to the signing and filing. The bill in this case was not prepared and served upon appellee within 10 days, nor did the court extend the time for that purpose. Neither was it signed and filed in 30 days after judgment, nor did the court or judge enlarge the time in which it should be done.

It is true, there are stipulations that the time may be extended, but these were made and filed after the time limited by rule and statute had expired. The time cannot be enlarged by agreement of parties alone. The express commands of both the rule and the law are that the bill shall be served, signed, and filed within the specified time, unless it shall be extended or enlarged by *order of the court or judge*. If it were permitted to the parties by agreement to extend these limits, great confusion and delay would result. They might enlarge the time to so great an extent that the judge, when called upon to sign the bill, might be unable to remember a single circumstance that occurred at the trial. The proper practice is for appellant to comply strictly with the letter of the law. If he ascertains that this will be impossible, he must make seasonable application to the judge for further time, and, if he shows satisfactory reasons why this indulgence should be granted, it will not be refused. But, in order to obtain this enlargement, he must apply for it before the limit prescribed has expired. It is not in the power of the judge to enlarge the fixed periods, unless asked to do so while the parties are presumed to be before him, and the cause is under his control. *Higgins* v. *Mahoney*, 50 Cal. 444; *Noble* v. *Thompson*, 24 Ind. 346. To the same effect is the rule laid down in *Muller* v. *Ehlers*, 91 U. S. 249.

We cannot conclude the consideration of this question without recording our disapproval of the unsatisfactory manner in which the motion is drawn and its grounds stated. While we have been able to glean from the motion, and the affidavit referred to in it, the reasons upon which it is founded, yet the practice of stating in general terms in the motion that the law has not been complied with, and referring to an affidavit for the particulars of the departure from the law, must not be encouraged. The motion should be complete in itself, and should set forth in clear and distinct paragraphs the specific grounds upon which the court will be asked to consider it.

For the failure to file the record and bill of exceptions within the time prescribed the motion must be sustained, and it is so ordered.

LONG, C. J. I concur.