No. 17,665.

## O'KANE *v.* TERRELL ET AL.

FRAUD.—*Mortgage in Fraud of Creditors.—Not Enforceable.*—One who takes a mortgage on the property of another, as part of a scheme to aid him in defrauding his creditors, acquires no rights thereunder, even though a consideration was paid therefor.

From the Warren Circuit Court.

*C. A. Allen* and *C. V. McAdams*, for appellant.

*E. F. McCabe*, for appellees.

HOWARD, J.—This was an action by the appellant against the appellees, to recover the amount alleged to be due on a promissory note, and to foreclose a mortgage given to secure said note. The only question argued by counsel is the correctness of the conclusions of law upon the facts found by the court.

From the special findings it appears that the note in suit was given to appellant on January 22, 1892, by the appellee, John O'Kane, now deceased, who was then the owner of the land described in the complaint; and that thereafter, on February 8, 1892, the mortgage on said land and here in suit was given to secure said note; that said mortgage was made by said appellee, O'Kane, and was accepted by appellant, with the fraudulent intent of cheating and defrauding the creditors of said appellee, O'Kane, the note and mortgage being also without any consideration; that on March 9, 1892, said John O'Kane and his wife, Nora, executed a deed for said land to the appellee, Terrell; that among the conditions of said deed was the following: "The grantors do not warrant as against four

certain mortgages," describing them, one of said mortgages being that in favor of appellant, and here sued on; that, at a date not named in the findings, the appellant executed and delivered to said John O'Kane a written release of said note and mortgage, stating in her release that the said note and mortgage "has been fully paid and satisfied, and I hereby release the same;" that appellant at the same time surrendered to said appellee said note and mortgage; that the said John O'Kane and his co-appellee, Terrell, afterwards took said release and went with the wife of said O'Kane before a notary public and there falsely and fraudulently caused the said wife of O'Kane to personate appellant, and, so personating appellant, to acknowledge the execution of said release, which release and satisfaction of mortgage, so acknowledged, was filed for record in the recorder's office on March 15, 1892; that on March 14, 1892, a second deed for the land "for the purpose of correcting the deed made March 9, 1892," was made by O'Kane and his wife to Terrell; this second deed reciting that the purchaser took the land subject to the mortgages mentioned in the first deed, except that the mortgage here in suit was not mentioned; that before appellant's mortgage was made, there were other mortgages, also attachment liens and tax liens on said lands, all superior to the lien of appellant's mortgage; and other debts also were due by said John O'Kane; that the deeds made by O'Kane and wife to Terrell were made as security to him for the payment of said debts, mortgages, attachment and other liens, and that Terrell paid all said liens, paying altogether a larger sum than was equal to the whole value of said land. As its conclusion of law, the court found that the appellant was not entitled to a judgment of foreclosure of her mortgage.

O'Kane *v.* Terrell *et al.*

All the parties to this litigation seem to have been, in a greater or less degree, engaged in fraudulent practices in relation to the liens on the land in question and the other indebtedness of its owner. Whether Terrell could defend against the assumption made by him in the first deed of the obligation to pay the note and mortgage in suit, we need not enquire. It is enough that appellant herself, the pretended holder of that note and mortgage, has no right of action. Her note and mortgage are found to be without consideration, and given to and received by her for the fraudulent purpose of cheating the creditors of John O'Kane. It is also found that she made and signed a written release of the pretended debt due her and surrendered the note and mortgage to O'Kane. There is nothing due her, and she has no right of recovery. Appellant gave nothing for her note and mortgage; but even if she had, it would not help her. "Where a grantee takes a conveyance [and the same is true of a mortgage] for the purpose of aiding the grantor in defrauding his creditors, the fact that he pays a valuable consideration does not divest the conveyance of its fraudulent character." *Bishop* v. *Redmond,* 83 Ind. 157. As said in *Bunch* v. *Hart,* 138 Ind. 1, reaffirming *Seivers* v. *Dickover,* 101 Ind. 495, "the law will leave the parties who have been convicted of the fraud where it finds them." See also *Anderson* v. *Etter,* 102 Ind. 115 (123); *Second Nat'l Bank* v. *Brady,* 96 Ind. 498 (page 506), and cases cited.

The judgment is affirmed.

McCabe, J., took no part in the decision of this case.

Filed April 21, 1896.