FIREMAN'S FUND INSURANCE COMPANY *v.* FINK-
ELSTEIN.

[No. 20,543. Filed March 16, 1905.]

1. PLEADING.—*Complaint.*—*Exhibits.*—Where a complaint alleges that
the adjuster's agreement is "made a part hereof and attached
hereto," and such agreement is copied into the transcript immediately
following the complaint, such complaint includes such agreement as a
part thereof. p. 377.

2. SAME.—*Complaint.*—*Contracts.*—*Performance on Plaintiff's Part.*
—An allegation that plaintiff "has fully complied with all the require-
ments, stipulations, agreements and conditions on her part to be per-
formed" is sufficient to show that plaintiff has done everything
required of her by the contract. p. 378.

3. SAME.—*Complaint.*—*Insurance.*—*Ownership.*—A complaint alleg-
ing that "said property * * * was the property of plaintiff" and
that "a fire occurred * * * in which certain articles of said
property belonging to plaintiff * * * were damaged," etc., is
sufficient, as against a demurrer, to show ownership. p. 378.

4. SAME.—*Complaint.*—*Insurance.*—*Value.*—A complaint against a
fire company which shows that the plaintiff and the defendant's
adjuster executed an agreement as to the value of the property and
damage, which agreement is made part of the complaint, and which
shows that on inquiry such adjuster said there was nothing further
for plaintiff to do, and that defendant would pay the agreed sum, is
sufficient as against the objection that the value of the property is not
shown. p. 378.

5. APPEAL AND ERROR.—*Amendment.*—*Bill of Exceptions.*—Where the
trial court on November 19 refused to permit a second paragraph of
answer to be filed and ten days' time was given in which to file a bill
of exceptions, and a bill was signed and filed on December 4, such bill
is not in the record. p. 380.

6. SAME.—*New Trial.*—*Additional Answer.*—*Refusal to Permit Fil-
ing.*—*How Assigned.*—The refusal to permit defendant to file an
additional paragraph of answer does not constitute a cause for a new
trial, but must be assigned as error independently on appeal. p. 380.

7. SAME.—*Bill of Exceptions.*—*Extension of Time for Filing After
Term.*—The trial judge has no power after the term at which a
motion for a new trial is overruled either to grant time for filing a
bill of exceptions or to extend the time for filing such bill, and a bill
signed under an order so made is not in the record. p. 380.

From Superior Court of Marion County (63,561);
*James M. Leathers,* Judge.

Action by Esther Finkelstein against the Fireman's Fund Insurance Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*James M. Berryhill,* for appellant.
*Hugh D. Merrifield* and *Herod & Herod,* for appellee.

Monks, J.—This action was brought by appellee to recover for loss by fire of certain personal property, including household goods, wearing apparel, etc., which were insured by appellant. A trial of said cause resulted in a verdict, and, over a motion for a new trial, a judgment in favor of appellee.

The errors assigned call in question the action of the court in overruling the demurrer to the complaint and the motion for a new trial.

Appellant insists that the complaint is insufficient because of the omission of each of the following allegations: (1) That proofs of loss were furnished according to the requirements of the policy; (2) a compliance by appellee with all the requirements of the policy; (3) appellee's ownership of the property destroyed by fire at the date of the policy and the time of the fire; (4) the value thereof at the time it was burned; (5) identification as an exhibit of the adjuster's agreement mentioned in the complaint as "being made a part hereof and attached hereto."

1. The complaint is copied into the transcript of the proceedings of the court below, and immediately following the complaint a copy of the insurance policy and the adjuster's agreement are copied into the transcript in the order named. It is alleged in the complaint that said adjuster's agreement is "made a part hereof and attached hereto." This was sufficient to make said agreement a part of the complaint under §365 Burns 1901, §362 R. S. 1881 and Horner 1901. *Thompson* v. *Recht* (1902), 158 Ind. 302. This disposes of the fifth objection.

2. It is expressly averred in the complaint that appellee "has fully complied with all the requirements, stipulations, agreements and conditions on her part to be performed." This was sufficient under our statutes (§373 Burns 1901, §370 R. S. 1881 and Horner 1901; *Collins* v. *Amiss* [1903], 159 Ind. 593, 595, 596, and cases cited), and disposes of the first and second objections.

3. It appears from the complaint by direct averments that the property described in the insurance policy issued to her by appellant was her property when the same was insured, and that "while said policy was still in force and effect, and while said property insured as aforesaid was contained in said dwelling, and was the property of plaintiff, a fire occurred in said dwelling in which certain articles of said property belonging to plaintiff and covered by said policy of insurance were damaged to the extent of over $600." The averments in regard to appellee's owning the property were sufficient to withstand the demurrer for want of facts. *Aurora Fire Ins. Co.* v. *Johnson* (1874), 46 Ind. 315, 321-323; *Phoenix Ins. Co.* v. *Benton* (1882), 87 Ind. 132-134.

4. It is alleged in the complaint that immediately after the first notice of the loss was given to appellant it sent its "agent and adjuster, who made investigation as to the origin of the fire and the amount of the loss and damage sustained by plaintiff by reason thereof, and thereupon this plaintiff and said defendant, through its said adjuster and agent, under the terms and provisions of said policy, entered into an ascertainment or estimate of the amount of the loss sustained by plaintiff, which amount was agreed upon by plaintiff and said defendant as being $545.57; * * * that thereafter, as was the right of said defendant under said policy, said defendant caused plaintiff to be examined under oath touching the origin and cause of said fire, the ownership of plaintiff in such goods, and was at liberty to and did ask plaintiff, under oath, such questions

as defendant thought proper and desired to ask—all of which questions were answered by plaintiff without evasion, frankly and willingly; that the examination was taken before a notary public, reduced to writing, subscribed and sworn to by plaintiff, and is and has been in the possession of defendant for more than sixty days prior to the bringing of this action; that thereafter said defendant and this plaintiff entered into a certain agreement or stipulation under the terms of said policy concerning the estimate of damages, by which said written agreement and stipulation it was provided that it was mutually agreed between the defendant and plaintiff that the total amount of loss or damage by said fire to the property mentioned in said policy was, after a full examination, agreed and determined by compromise at the sum of $545.57, the said sum to be binding and conclusive upon said parties as to the said amount of loss and damage, a copy of said agreement and stipulation being made a part hereof and attached hereto; that thereafter, and within sixty days after the occurrence of said fire, said plaintiff asked said defendant, through its said adjuster and agent, whether there was anything further for plaintiff to do regarding statements, proofs, claims or any matters whatsoever specified in said policy of insurance, and was informed by said defendant that there was nothing further to be done, and that said defendant would pay plaintiff the said amount before agreed upon, the sum of $545.57."

The adjuster's agreement, made a part of the complaint, and which was signed by appellant and by appellee, stipulated that appellee's loss and damage by fire is, after a full examination, agreed upon and determined by compromise at the sum of $545.57, and said sum as agreed is binding and conclusive upon the parties "as to the amount of the loss and damage." This, when considered in connection with the allegations in the complaint, renders unnecessary any further allegation in regard to the value of the property at

the time of the fire. It is clear that none of the objections urged against the complaint is tenable.

5. It was assigned as a cause for a new trial that the "court erred in refusing to permit the defendant to file a second paragraph of answer, alleging fraud, which refusal of the court was an abuse of discretion." There are two reasons why this specification presents no question: (1) When the court refused the permission to file said paragraph on November 19, 1902, ten days were given in which to file a bill of exceptions. The bill of exceptions containing said ruling, the exception, and the paragraph of answer tendered were not presented to the judge for signature until the next term of said court on December 4, 1902, on which day it was signed and filed. This was after the ten days given by the court had expired, and said bill of exceptions is not, therefore, a part of the record and can not be considered.

6. (2) Said ruling of the court in refusing permission to file said paragraph of answer was not a cause for a new trial, but could only be presented by an independent assignment of error on appeal. *Langsdale v. Woollen* (1885), 99 Ind. 575, 586, 587; *Hedrick v. Whitehorn* (1896), 145 Ind. 642; *Pouder v. Tate* (1892), 132 Ind. 327, 329; *Standard Oil Co. v. Bowker* (1895), 141 Ind. 12, 13; Elliott, App. Proc., §§347, 348.

7. The other causes assigned for a new trial urged by appellant depend for their determination upon the evidence, which appellee insists is not in the record, for the reason that the same was presented to the trial judge for settlement and signature after the expiration of the sixty days given by the court when the motion for a new trial was overruled, and what purports to be an order of the court extending the time made at the next term of the court was without authority and void. It appears from the transcript that this cause was tried, verdict returned, and motion for a new trial filed at the November term, 1902, of said court.

An order-book entry contained in the transcript shows that on November 3, 1903, the second day of the November term of said court, the motion for a new trial was overruled, and sixty days given in which to file a bill of exceptions, and that final judgment was rendered on the verdict against appellant.   An order-book entry made at the next (the December) term of the court recites that "upon the request of counsel for the defendant the time for filing a bill of exceptions in this cause is extended fifteen days beyond the time heretofore granted."   The bill of exceptions containing the evidence was filed on January 10, 1904, after the expiration of the sixty days given, when final judgment was rendered in said cause.   It has been held by this court that a trial court has no power after the expiration of the term at which a motion for a new trial was overruled to give time within which to file a bill of exceptions, or to extend the time given when the motion for a new trial was overruled.   *Lengelsen* v. *McGregor* (1904), 162 Ind. 258, 262-264, 266-270, and authorities cited; *McElfatrick* v. *Coffroth* (1867), 29 Ind. 37; *Citizens St. R. Co.* v. *Marvil* (1903), 161 Ind. 506, 510-512; *Hotsenpiller* v. *State* (1896), 144 Ind. 9, 11; *Minnick* v. *State, ex rel.* (1900), 154 Ind. 379, 382-384.   It is evident that the order extending the time within which to file a bill of exceptions made at the December term of said court was void, and the bill of exceptions containing the evidence is not in the record.   *Lengelsen* v. *McGregor, supra; McElfatrick* v. *Coffroth, supra.*

Judgment affirmed.