In the matter of petition of Oopa.

## SUPREME COURT—IN BANCO.

### JANUARY TERM—1873.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

In the Matter of the Petition of Oopa, for a Writ of Mandamus.

A writ of mandamus will not issue to compel a magistrate to grant an appeal, unless bond for costs be filed within one day, under Section 948 of Article 40, Landlord and Tenant Act. (Widemann, J., dissenting).

Chief Justice Allen delivered the opinion of the Court.

This is a petition for a writ of mandamus against John Montgomery, Police Magistrate of Honolulu, praying that he may be directed to grant a certificate of appeal as claimed by the defendant in the suit of John Meek *vs.* Oopa.

This application was heard before Mr. Justice Widemann, and the writ awarded by him, from which an appeal was taken. It appears that a writ was issued by the said Police Justice, by which the defendant was summoned to answer the complaint of the plaintiff, in which it was alleged that the defendant is in possession of certain premises, which he holds unlawfully and against the right of the plaintiff.

It was a process of summary proceeding under the statute, in which judgment was rendered by the Police Justice in favor of the plaintiff, and notice of an appeal was given by the defendant to the Justice within twenty-four hours, and a bond tendered in six days thereafter. The Justice declined to grant a certificate of appeal, on the ground that a bond had not been filed within the time prescribed by statute.

It is purely a question of construction of the statute by virtue of which the process was issued. Either party *may*

*appeal* at any time within twenty-four hours after entry of the judgment to any Circuit Judge, or to the Supreme Court, but before an allowance for an appeal a bond for costs shall be filed.

There is a material distinction between an appeal and notice of an appeal. The one refers to an appeal complete in itself; the other, to an appeal to be perfected at some future time.

This language was used for the purpose of carrying out the intention of the statute. It is a summary process to recover possession of land held unlawfully and against the right of the plaintiff. It is unlike the ordinary process of ejectment where a doubtful title is involved, but in this case the defendant holds under the plaintiff, and ought to deliver up the possession at the expiration of the term, and the statute is enacted for the express purpose of defeating delays, and it would not be in conformity to its spirit to grant any delays not especially given.

The statutes are consistent on the subject of appeals. By Section 245, in case of trespass of animals on land, the language is, an appeal shall not be allowed unless taken within five days, and a bond given for payment of costs. Here five days are given. In this case, twenty-four hours are given for perfecting the appeal.

The intent and spirit of this statute is further illustrated by reference to Section 949, in which it is declared that when a defendant is proceeded against for the non-payment of rent, he shall not be allowed to keep possession and take his appeal unless he first gives a bond to the plaintiff, with sureties, to pay the rent which may accrue after the appeal. The construction as claimed by the petitioner would defeat the security for rent for at least ten days, which would be expressly contrary to its provisions.

In Section 1006, a party may appeal by giving notice of his appeal within five days after judgment, and within ten

In the matter of petition of Oopa.

days, paying costs and depositing a bond for costs that may accrue thereafter. A party has not appealed until he has done what the statute fully requires of him. In this case, either party may appeal within twenty-four hours, and if any requirement of the law is omitted, it is not an appeal which the Court can recognize.

HARTWELL, J. I concur with the view of the Chief Justice. In the King *vs.* Cullen, July Term, 1869, the defendant was not allowed to bring his appeal to this Court by reason of a failure to pay costs within the statutory time. In the Estate of Keliiahonui, January Term, 1866, an appeal was taken within the time required by the Rules, there being no statute affecting that case, but the appeal was held to be ineffectual for not filing a bond for costs. This was by analogy with the statutes of appeal in other case, for the Rules required no bond. These decisions by the full Court rest on reasoning which I suppose concludes the present case, making the appeal ineffectual unless perfected by the bond.

If the Legislature had intended to allow ten days for filing bond to perfect the appeal in these cases I think they would have said so, and that the words " either party may appeal," used in this statute, are not synonymous with the words "give notice of appeal," used in the general statute. If the requirement be strict, it is for the Legislature only to lighten it.

WIDEMANN, J. With due deference to the views above expressed by the Chief Justice and First Associate Justice, and besides fully concurring in the general principle that laws should be strictly construed, I can still not concur in the above opinion. Under the construction of the law as above given, it may become a practical impossibility in some cases to fulfill the conditions of the statute. This would amount to a denial of justice, and as I cannot bring myself to believe that the Legislature intended to make such a law, and as there seems to me to be a possibility of a different construction, I feel it my duty to record a dissent.