## RINEHART *v.* BOWEN ET AL.

BILL OF EXCEPTIONS.—*Time of Filing.*—Where, at one term of a court, a cause was tried, a verdict rendered, and a motion for a new trial filed, and the cause was then continued to the next term, and at that term the motion for a new trial was overruled, and a judgment was rendered, but no bill of exceptions was filed, and no time was given within which to file the same, and the cause was again continued for further action at a subsequent term, at which subsequent term, time was given within which to file a bill of exceptions;

*Held,* that it was then too late to file a bill of exceptions relating to the action of the court at the terms when the trial was had and the motion for a new trial was overruled.

PRACTICE.—*Appeal from Interlocutory Order.*—An appeal will lie to the Supreme Court from an interlocutory order for the execution of conveyances and for the sale of real estate.

SAME.—*Rehearing.*—When a petition for a rehearing is granted by the Supreme Court, it is competent for the parties to assume new positions with reference to the record or the legal points arising upon it.

From the Carroll Circuit Court.

*L. B. Sims, J. H. Stewart, R. P. Davidson,* and *R. C. Gregory,* for appellant.

*D. D. Pratt, J. Applegate,* and *J. H. Gould,* for appellees.

DOWNEY, C. J.—This action was commenced by Rinehart against Bowen and Robertson, the object of which was the settlement of the affairs of a co-partnership which had existed between them. Several interlocutory orders were made, under which part of the property of the firm was sold, and an account taken between the parties. Issues were formed as to other questions in the cause, as to which there was a trial by jury at the February term, 1867, and a verdict, consisting of answers to certain interrogatories, by which the rights of the parties, in part, were settled. Rinehart moved for a new trial at that term, and the motion was continued until the next August term of the court. At the August term the motion was overruled, and judgment was rendered. The cause was then again continued until the next term of the court for some further action in closing up the case.

VOL. XLIV.—23

There was no bill of exceptions filed or time asked or given in which to file a bill of exceptions at that term. At the February term, 1868, ninety days were allowed in which to file a bill of exceptions, and the bill of exceptions in the record was filed May 13th, 1868.

The questions presented by the assignment of errors relate exclusively to rulings of the court at the February and August terms of the court in 1867, during the trial and in disposing of the motion for a new trial.

The point is made at the outset by counsel for the appellee, that the bill of exceptions not having been filed at the time when the rulings took place, of which complaint is made, or within any time thereafter allowed by the court, no question is presented for our decision. The statute provides that the party objecting to the decision must except at the time the decision is made; but time may be given to reduce the exception to writing, but not beyond the term, unless by special leave of the court. 2 G. & H. 209, sec. 343. It seems useless to cite the many decisions of this court under this statute. The law is plainly as urged by the counsel for appellees.

The judgment is affirmed, with costs.

### ON PETITION FOR A REHEARING.

DOWNEY, C. J.—A petition for a rehearing in this case has been filed by the appellant. The ground is taken that this court should have dismissed the appeal, because there was no final judgment from which an appeal would lie. It is not entirely consistent for the appellant to assume this ground, and he not only did not suggest the point in his brief, but assumed the position that the appeal was properly taken. It is evident that he could have settled this point at once by dismissing his appeal. This he did not do, but brought the case to a hearing as one in which an appeal had been properly taken. It would seem to be both late and inconsistent to assert now that there was no appeal properly taken. But aside from this, there was an interlocutory order for the exe-

cution of conveyances between the parties, and also for the sale of portions of the lands. From these orders, an appeal might properly have been taken. 2 G. & H. 277, sec. 576.

The ground is also taken that as the question, whether the bill of exceptions was properly in the record or not, was not made on the first submission of the cause, and not until the second submission, it must be treated as having been waived. There is nothing in this objection. When a rehearing has been granted generally, as was done in this case, it is competent for parties to assume new positions with reference to the record or the legal points arising upon it

The petition is overruled.