## NYE, ASSIGNEE, *v.* LEWIS ET AL.

BILL OF EXCEPTIONS.—*Time of Filing.—Leave, of Record, to File.*—A motion for a new trial, filed at the term at which trial was had, was overruled at the next term; but, though no time had been granted for filing a bill of exceptions, the court, at a subsequent term, signed a bill of exceptions, then filed, which stated that time had been given for the filing thereof. *Held*, that the bill of exceptions constitutes no part of the record.

From the Marion Circuit Court.

*J. T. Dye* and *A. C. Harris,* for appellant.

*B. Harrison, C. C. Hines* and *W. H. H. Miller,* for appellees.

PERKINS, J.—This cause was tried at the September term, 1870, the trial resulting in a verdict for the defendants below, the appellees in this court. A motion for a new trial was filed at said term. The motion was not acted upon till the February term, 1871, when it was overruled. A bill of exceptions was not filed at that term, and the record shows no grant of leave to file one after the term.

But it appears that afterward, at the June term of said court, 1871, the plaintiff filed his bill of exceptions, which was signed on the day on which it was filed. The following is the concluding paragraph of the bill :

"And the court having considered said affidavits and motion (for a new trial), overruled said motion, to which ruling the plaintiff then and there excepted, and 120 days were given to file his bill of exceptions. And now, within said time, plaintiff files this his bill of exceptions, which is examined and approved by the court, as full, true and correct, and is now signed and made part of the record.

"June 23d, 1871. JOHN S. TARKINGTON,
"Judge Marion C. C. Court."

Final judgment was not rendered in the cause till a later day.

The first question for decision in the cause is, whether the above mentioned bill of exceptions is in the record. At common law the bill could have been signed and filed only at the term at which the cause was tried. 3 Bl. Com. 372. It is enacted in the code, that " time may be given to reduce the exception to writing, but not beyond the term, unless by special leave of the court." 2 R. S. 1876, p. 176, sec. 343.

This " special leave " must be shown by the record of

the court to have been granted, and where it is not so shown it will not be presumed, in any case, to have been granted, but the contrary. And, where the record fails to show the grant of such special leave, the judge has no jurisdiction or power to sign a bill after the expiration of the term. This right to file a bill of exceptions, after the term has expired, is purely statutory, and must be exercised within and according to the statute. See *Rinehart* v. *Bowen*, 44 Ind. 353 ; *Greenup* v. *Crooks*, 50 Ind. 410.

The decisions of this court are not entirely uniform on this subject. But there ought to be a uniform rule upon this question of practice. And such uniformity may be obtained by an adherence to the provisions of the statute. See Buskirk Prac., p. 144, *et seq.*

It is manifest to our minds that the Legislature never contemplated that the court or judge should assume to insert in the bill of exceptions, where it is signed after the term, that leave was given at the term to file the same after the term ; because the statute does not require that the party preparing the bill of exceptions shall submit it, before it is signed by the judge, to the opposite party. *Robinson* v. *Johnson*, 61 Ind. 535 ; 2 R. S. 1876, p. 177, sec. 346 It would open the door to enormous abuse, therefore, if the judge should be allowed to insert in bills of exceptions statements that are not legitimate and proper parts of such bills, and thereby bind parties by such arbitrary and extra-judicial statements. See *Schoonover* v. *Reed*, *ante*, p. 313.

The bill of exceptions is not in the record, as a proper part thereof. In the absence of a bill of exceptions, we are unable to say the court erred in its ruling on the motion for a new trial.

The judgment is affirmed, with costs.