Applegate *v.* White *et al.*

---

No. 8325.

APPLEGATE *v.* WHITE ET AL.

79  413
147  500

79  413
156  636

PRACTICE.—*Bill of Exceptions.*—When a bill of exceptions is not filed at the time, the record, *dehors* the bill, must show that time was given. It is not sufficient that it be shown only by the bill of exceptions itself.

From the Madison Circuit Court.

*W. R. Pierse, D. W. Woods, C. B. Gerard* and *C. D. Thompson,* for appellant.

*C. L. Henry, W. S. Diven, J. W. Sansberry* and *M. A. Chipman,* for appellees.

FRANKLIN, C.—Appellant sued Thomas A. White, Mary A. White, Logan A. Lane and Elizabeth J. Line, for the purpose of having a mortgage, executed by White and wife to Lane on certain real estate, declared null and satisfied, alleging that he was then the owner of the mortgaged land; that it had formerly, at the time of the execution of the mortgage, belonged to White's wife; that she was, at the time of the execution of the mortgage, a minor, and that upon her arrival at age she had disaffirmed the mortgage contract. Line, as assignee of Lane, filed a cross complaint, asking for judgment on the note and a foreclosure of the mortgage.

Issues were formed, trial by jury, verdict for appellee Line, and, over a motion for a new trial, judgment in her favor.

The only error assigned is the overruling of the motion for a new trial, and that is based upon the insufficiency of the evidence to support the verdict.

The record in this case is in a very peculiar condition. It consists of a bill of exceptions, appeal bond, and, under a *certiorari*, a certified copy of the judgment.

The bill of exceptions purports to contain all the pleadings, motions, rulings and record entries in the case, except. the judgment and appeal bond.

The conclusion of the bill of exceptions, following a copy of the motion for a new trial, reads as follows: " Which motion the court on the 26th day of August, 1879, the same being the sixty-second judicial day of said term of said court. as aforesaid, the court overruled said motion for a new trial of said cause, to which ruling of the court in overruling said. motion for a new trial, said Andrew J. Applegate excepted at. the time, and the court then, on said 26th day of August, 1879, ordered that said plaintiff, Andrew J. Applegate, should have sixty days from said day in which to make and file this, his. bill of exceptions, and said Andrew J. Applegate prayed an appeal of this cause to the Supreme Court of the State of In-- diana, which the court then and there granted on his filing a. bond in this court, payable to Elizabeth J. Line, in the sum. of $900, with surety to the acceptance and approval of the clerk of this court. And this bill of exceptions is completed within the time given by this court, and within such time is by me signed and filed with the clerk of this court, and this bill of exceptions is by me signed and made a part of the record as prayed for by the plaintiff, Andrew J. Applegate. Hervey Cravens, Judge. Filed October 17th, 1879. Jesse L. Henry, Clerk." And on the same day, being the tenth judicial day of the October term, 1879, an appeal bond was filed.

No part of the foregoing quotation from the conclusion of the bill of exceptions purports to be a copy of any of the

record entries in the case, but purports to give a history, from the recollection of the court, of what had nearly two months before, at a former term, been done in the case. There is no copy of any record entry contained in the bill of exceptions showing that time was given in which to file the bill of exceptions. And there being no transcript filed, other than the bill of exceptions, the appeal bond and certified copy of the judgment, and the clerk having certified "the foregoing, together with the record certified to the Supreme Court in answer to the *certiorari* issued herein, to be full, true and complete copies of all the papers, entries and proceedings had in said cause, as the same now appear from the reinstatement of record of the same in my office," etc, we, therefore, must come to the conclusion that there was no record entry of time having been given in which to file the bill of exceptions.

Where exceptions are taken and not reduced to writing and filed at the time of the exception, and time is given to afterwards reduce them to writing and file them, the record entries, *dehors* the bill of exceptions proper, must show that time was given by the court, and that the bill of exceptions was filed within such time. Where the record entries do not show that such time was given, a statement in the bill of exceptions that time was given is not sufficient. See 2 R. S. 1876, p. 176, sec. 343; *Nye* v. *Lewis,* 65 Ind. 326; *Robinson* v. *Johnson,* 61 Ind. 535; *Greenup* v. *Crooks,* 50 Ind. 410; *Rinehart* v. *Bowen,* 44 Ind. 353; *Goodwin* v. *Smith,* 72 Ind. 113; *The Singer, etc., Co.* v. *Struckman,* 72 Ind. 601.

The case of *Nye* v. *Lewis, supra,* is precisely in point. The following is the conclusion of the bill of exceptions in that case: "And the court having considered said affidavits and motion (for a new trial), overruled said motion, to which ruling the plaintiff then and there excepted, and 120 days were given to file his bill of exceptions. And now, within said time, plaintiff files this his bill of exceptions, which is examined and approved by the court, as full, true and correct, and is now signed and made a part of the record." Dated and signed by the judge.

Upon which the court said: "This 'special leave' must be shown by the record of the court to have been granted, and where it is not so shown it will not be presumed, in any case, to have been granted, but the contrary. And, where the record fails to show the grant of such special leave, the judge has no jurisdiction or power to sign a bill after the expiration of the term. This right to file a bill of exceptions, after the term has expired, is purely statutory, and must be exercised within and according to the statute. * * * It is manifest to our minds that the Legislature never contemplated that the court or judge should assume to insert in the bill of exceptions, where it is signed after the term, that leave was given at the term to file the same after the term; because the statute does not require that the party preparing the bill of exceptions shall submit it, before it is signed by the judge, to the opposite party. *Robinson* v. *Johnson*, 61 Ind. 535. * It would open the door to enormous abuse, therefore, if the judge should be allowed to insert in bills of exceptions statements that are not legitimate and proper parts of such bills, and thereby bind parties by such arbitrary and extra-judicial statements." The same ruling was made in the case of *Schoonover* v. *Reed*, 65 Ind. 313.

As this question appears to have been thoroughly settled by our statute and the former decisions of this court, and in the right way, we feel constrained to hold that the objection to the bill of exceptions being properly in the record is well taken; and that the bill of exceptions is not in the record as a proper part thereof. In the absence of a bill of exceptions we are unable to say the court erred in its ruling upon the motion for a new trial.

The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and the same is, in all things affirmed, with costs.