MAKAIO *v.* ADAMU and ALBERT HORNER.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED OCTOBER 6, 1902.     DECIDED OCTOBER 14, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A notice of "intention to appeal" is not a notice of appeal within the meaning of Section 1, Act 40, Laws of 1898.

OPINION OF THE COURT BY PERRY, J.

This is a suit in equity for the foreclosure of a mortgage. A decree dismissing the bill was filed on May 9, 1902. On May 14, 1902, a paper reading, under the title of the court and cause, as follows, was filed by the attorneys for the complainant:
"Notice of Appeal.
"Now comes Makaio, petitioner in the above entitled cause, through his attorneys, Andrews, Peters & Andrade, and hereby gives notice of his intention to appeal this cause from the decree of the Honorable Judge Robinson, dated the 8th day of May, 1902." On the day following, another instrument was filed for the defendant entitled, "Appeal," and reading: "Now comes Makaio, petitioner in the above entitled cause, through his attor-

neys, Andrews, Peters & Andrade, and hereby appeals this cause to the Supreme Court of the Territory of Hawaii from the decree of the Honorable Judge Robinson dated the 8th day of May, 1902."

The instrument last recited cannot, it is clear, operate as an appeal because it was not filed within the time prescribed by law, and, for the same reason, it cannot be regarded as an amendment of the first instrument. Is the paper filed on the 14th a sufficient notice of appeal within the meaning of the statute? We think that it is not. The statute on the subject (Section 1 of Act 40 of the Laws of 1898) says that "Appeals shall be allowed from all * * * decrees of Circuit Judges in Chambers, to the Supreme Court, * * * whenever the party appealing shall file notice of his appeal within five days" after the filing of the decree appealed from, and upon complying with certain other requisites. The statute contemplates the giving of notice that an appeal has been taken or, at least, that it is being taken concurrently with the giving of the notice. It is not sufficient to notify the opponent that the party *will* appeal or *intends* to appeal. A notice of intention to appeal is not a notice of appeal. See *Simpson v. Ogg*, 1 Pac. (Nev.) 827 and *Parker v. Denny*, 7 Pac. (Wash.) 892. The notice under consideration is defective in other respects but whether fatally so we need not say.

The motion to dismiss the appeal is granted.

*L. Andrews* and *F. Andrade* for complainant.

*Kinney, Ballou & McClanahan* and *S. H. Derby* for respondent A. Horner.