KAPIOLANI ESTATE, Limited, *v.* E. PECK & CO., Limited.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JANUARY 9, 1903.        DECIDED FEBRUARY 12, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

The presiding judge cannot, more than 10 days after the close of the term at which a case is tried and when no extension of time is granted within the term or within the ten days, make an order allowing additional time for the presentation of the bill of exceptions even though the parties consent to such order by stipulation made and filed after the term and after the expiration of the ten days. A bill of exceptions allowed solely by virtue of such an order, cannot, against objection, be sustained.

OPINION OF THE COURT BY PERRY, J.

On the opening day of the January session of this Court, the 5th inst., the plaintiff filed a motion to strike this cause from the calendar on the ground that the defendant had not "complied with all the requirements necessary for placing the said cause upon the calendar, in that no bill of exceptions has been allowed or signed by the judge of the Circuit Court having jurisdiction and who heard and tried said cause in said Circuit Court." The alleged bill of exceptions then on file did not bear the signature of the trial judge and did not in any way disclose on its face that it had been allowed. In answer to the motion, which was argued on the 8th inst., the defendant showed by affidavit that the bill had been in fact allowed by the Circuit Judge on October 21, 1902, that the certificate of allowance, duly signed, was on a separate piece of paper and was at that time "placed at the end of the bill of exceptions * * * and embodied" therein, (but not attached thereto) and that the bill with the certificate was thereupon filed with the clerk. This certificate,

however, prior to and at the time of the filing of this motion, was not with the records in the case and the judge on January 7, 1903, signed an order directing the clerk to attach to the bill a certificate of allowance, "a copy of which was signed October 21st, 1902."

At the argument it was contended for plaintiff, first, that the bill did not show on its face that it had been allowed and was, therefore, insufficient in form and, second, that even if sufficient in this respect, the Circuit Judge was without power to allow it at the time when he attempted to do so. This second objection to the bill was claimed by the defendant not to be presented by the motion, whereupon the plaintiff, on the same day, filed a second motion that the alleged bill of exceptions be declared to be no bill and that the cause be stricken from the calendar "on the ground that at the time of the allowance and signing of said bill of exceptions the Hon. G. D. Gear, who signed the same, was without jurisdiction or power, and that said bill was so allowed and signed without authority of law." The notice required by Rule 6 of this Court was waived by defendant and on the 9th inst. it was agreed by both parties that the second motion be submitted on briefs.

It may be assumed for the purposes of this decision that the first objection to the bill of exceptions argued under the first motion is untenable and also that the second point does not properly arise under that motion. The second objection is certainly presented clearly under the second motion. Nor was the latter filed too late as contended for the defendant, or in violation of Rule 1 of this Court. That rule in providing that "motions will be heard on the opening day of each session after the calling of the calendar," does not deprive the court of the power to hear motions on later days in proper cases.

As to the main question. The bill shows on its face that the September Term, (special) 1901, at which the trial was had, was begun on September 16. Under the law (see Act 2, Laws of 1898) the term must have closed not later than October 28, 1901. The bill, with the transcript of the testimony, was not filed until October 1, 1902, and was not allowed until October

21, 1902. The claim of the defendant is that the allowance at that late day was authorized and valid by virtue of a stipulation signed by the parties on November 20, 1901, approved by the judge on the same day and filed November 26, 1901, providing "that the defendant in the above entitled action has twenty days from and after the date of the filing of a transcript of the testimony in the above entitled cause within which to complete his bill of exceptions."

The statute applicable to the subject (Section 1438, C. L.), reads as follows: "A party may allege exceptions to any such opinion, direction, instruction, ruling or order, and the same being reduced to writing in a summary mode, and presented to the Judge during the term or within ten days thereafter; or, in case of proceedings in vacation as of the term, within ten days after the opinion, direction, instruction, ruling or order objected to, and being found conformable to truth, shall be allowed and signed by the Judge, but if the Judge shall refuse to allow and sign such exceptions, the truth of the allegations therein contained, may, nevertheless, be established before the Supreme Court, and the exceptions allowed by it; provided, that further time may be allowed by the Judge in his discretion." In our opinion, the final clause of this section does not authorize the judge to grant, after the expiration of the ten days or of any prior extension of time, an additional period within which to present the bill. He is empowered to allow a bill only if it is presented during the term or within ten days thereafter, although he may allow further time for its presentation; but if an extension has not in the meantime been allowed how does the case stand at or immediately after the expiration of the ten days? Is not the power then exhausted and is not the time for presenting the bill at an end? We think both questions must be answered in the affirmative. If not, what is it that has extended the time and what that has kept the power alive? In this case, the ten days expired not later than November 7, 1901. In the interval between that day and November 20th following, did the defendant have any right to file a bill of exceptions? We think clearly not; and all that the statute authorizes is an *exten-*

*sion* of time or an allowance of *further* time, and not the granting of a *new* right of appeal or a re-vesting of an old right once lost. If the extension attempted in this case is valid so would a similar one be which is given six months or a year after the expiration of the ten days. We cannot believe that it was the intention of the legislature to authorize such a procedure. The mere consent of the parties could not, of course, confer jurisdiction when none otherwise existed. For a like construction of similar statutes, see *In re Clary*, 112 Cal. 292, 295; *Bass Furniture Co. v. Glasscock*, 6 So. (Ala.) 430; *Rinehart v. Bowen*, 44 Ind. 353; *State v. Hill*, 98 Mo. 571, 572; *Webster County v. Cunningham*, 101 Mo. 642; *Burdoin v. Trenton*, 116 Mo. 358, 370; *Evans v. Ins. Co.*, 54 Wis. 522, 524; *Hake v. Strubell*, 121 Ill. 321, 329; *Turner v. Johnson*, 35 S. W. (Ky.) 923; and *White v. Guarantee Abstract Co.*, 96 Ia. 343.

The plaintiff is not estopped by his stipulation from claiming that the allowance of the bill is invalid. The defendant's right to present his exceptions was not lost by reason of that stipulation but had been lost prior thereto.

In our opinion, the allowance of the bill cannot, against objection, be sustained. The motion is granted.

*Kinney, Ballou & McClanahan* for plaintiff.

*W. R. Castle & P. L. Weaver* for defendant.