MARY KANIU JARRETT *v.* HEINRICH M. VON HOLT, AS EXECUTOR AND TRUSTEE UNDER THE WILL OF CECIL BROWN, DECEASED, AND IRENE K. DICKSON.

No. 1088.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.
HON. C. W. ASHFORD, JUDGE.

ARGUED JULY 26, 1918.                    DECIDED JULY 31, 1918.

COKE, C.J., QUARLES, J., AND CIRCUIT JUDGE EDINGS IN PLACE OF KEMP, J., ABSENT.

OPINION OF THE COURT BY COKE, C. J.

Cecil Brown, late of Honolulu, deceased, by his last will and testament bequeathed to plaintiff, Mary Kaniu Jarrett, $100 per month and to Irene K. Dickson $150 per month during their respective natural lives. The residue of the estate was left to defendant Heinrich M. von Holt. The estate is shown to be of the approximate value of $240,000. After the will had been offered for probate by von Holt an agreement was entered into between him and Irene K. Dickson by the terms of which she was to receive the sum of $300 per month from the estate, and certain assets of the estate were set aside to be held by von Holt, and the income thereof to be applied to the payment of the $300 per month reserved to her under the agreement. The plaintiff instituted a suit in equity wherein she complains that the agreement between von Holt and Miss Dickson was in derogation of her rights and seeks to annul the agreement and to enjoin von Holt from in any way dissipating the corpus of the estate, and prays for further relief unnecessary to be stated here.

At the trial of the cause plaintiff introduced in evidence the agreement between von Holt and Miss Dickson and called Mr. von Holt who testified that the securities mentioned in the agreement between himself and Miss Dickson were in his hands as executor of the will of Cecil Brown and that said securities were standing in the name of Cecil Brown.

In dismissing plaintiff's bill of complaint at the close of the case the trial court in its oral decision expressed the opinion that von Holt had a legal right to enter into a private agreement with Miss Dickson to pay her $300 a month or any other sum so long as in so doing he did not jeopardize the rights of the plaintiff. Counsel for plaintiff then requested a decree to the effect that any agreement von Holt had made with Miss Dickson would be subject to the prior claim of plaintiff against the estate. The court dismissed the bill refusing to enter the decree requested by plaintiff and she comes to this court by appeal.

The record in this case does not show any injury or even threatened injury to plaintiff. Her rights do not appear to be in jeopardy. Beyond doubt the legacy of $100 per month which is reserved to plaintiff by the terms of the will of Cecil Brown constitutes a claim against all the assets of the estate which is prior to any rights enjoyed by von Holt or which he might create by agreement and this is conceded by counsel for both von Holt and Miss Dickson. It does not seem that a decree of court could make this more emphatic. But if a decree of the court below would have afforded plaintiff any additional security to the rights acquired by her under the will of Cecil Brown the same ends will be fully subserved by this opinion.

The decree appealed from is affirmed.

L. *Andrews* (*Andrews & Pittman* on the brief) for plaintiff.

R. B. *Anderson* (*Frear, Prosser, Anderson & Marx* on the brief) for defendant H. M. von Holt.

C. H. *Olson* (*Robertson & Olson* on the brief) for defendant Irene K. Dickson.