## FRANK G. CORREA *v.* JOSE FREITAS FELIPPE, ET AL.

## No. 1138.

ERROR TO CIRCUIT COURT, SECOND CIRCUIT.
HON. W. S. EDINGS, JUDGE. .

ARGUED FEBRUARY 18, 1919.                DECIDED FEBRUARY 27, 1919.

COKE, C. J., AND CIRCUIT JUDGES ASHFORD AND DEBOLT
IN PLACE OF KEMP AND EDINGS, JJ., DISQUALIFIED.

APPEAL AND ERROR—*statutory requirements.*

> The steps required by statute for taking an appeal must be taken
> within the prescribed time or the appeal will be ineffective.

SAME—*same—land court.*

> In an appeal from a decree of a land court to the circuit court
> for a jury trial issues must be framed in the land court within
> thirty days after the date of the decree or within such further
> time as the court shall allow, and where no further time has been
> allowed and issues are framed after the expiration of thirty days
> from the date of the decree the appellate court does not acquire
> jurisdiction of the cause and the appeal will be dismissed upon
> motion.

### OPINION OF THE COURT BY COKE, C. J.

The petitioner, plaintiff in error, Frank G. Correa, in 1916 filed his application in the land court of the Territory of Hawaii to register and confirm title in himself to a tract of land situated at Omaopio, Kula, County of Maui. At the time the petition was heard in the land court the defendants in error, David Kapiioho, Sarah Keawe and Apo Liilii were the only persons who appeared and contested the application. At the conclusion of the trial a decision was rendered by the judge of the land court finding that the petitioner had a good title in fee simple to the lands

described in the petition and that petitioner should have his title registered and confirmed as prayed for. Pursuant to the decision a decree confirming and registering petitioner's title to said land was duly entered in the land court on March 4, 1918. The three contesting respondents thereupon filed their notice of appeal from said decree to the circuit court of the second judicial circuit and demanded a trial by jury of the issues involved. The issues were framed in the land court by the judge thereof and were transmitted to the circuit court together with other records in the cause. Thereupon the petitioner interposed a motion to dismiss the appeal of the contestants on the ground that the issues of fact to be tried before a jury were not framed within thirty days after the decree and that the record was not completed within said time as required by law. This motion was denied and the cause went to trial before a jury resulting in a verdict favorable to the contestants.

The cause is brought to this court by the petitioner on a writ of error and we are first confronted with the motion presented by the petitioner in the circuit court to dismiss the appeal of the three named contestants. It follows as a matter of course that if the appeal from the land court to the circuit court was not perfected as required by the mandatory provisions of the statute the motion to dismiss should have been granted and the subsequent proceedings had in the circuit court are null and void for the reason that the circuit court was devoid of jurisdiction. We cannot ascertain with any degree of certainty from the records transmitted to the circuit court from the land court the date upon which the issues were framed nor just when the record reached the circuit court, but in the oral presentation of the matter before us counsel for the respondents admitted that the issues were not framed in the land court within thirty days after the date of the decree, it being

conceded by him that the issues were framed on the 4th day of April, 1918, which was thirty-one days after the decree was entered. In justice to the judge of the circuit court it might be said that it does not appear from the record that this admission was made in the circuit court upon the hearing of the motion to dismiss. Counsel endeavors to justify the noncompliance with the terms of the statute by showing due diligence and effort upon his part to have the issues framed within the statutory period and failing in this to secure an order granting further time therefor. But the exercise of diligence is not sufficient to overcome the express directions of the statute which provides: "Upon such appeal (referring to an appeal from a decree of the land court to the circuit court) for a jury trial, issues shall be framed therefor in the land court within thirty days after the date of such order, judgment, decision or decree or within such further time as the court shall allow, and within such time the appellant shall file in the circuit court copies of all material papers in the case certified by the registrar, or upon the permission of the judge of the land court he may transmit the original papers to the circuit court. No matters shall be tried in the circuit court except those specified upon appeal." See Sec. 3145 R. L. 1915. It being expressly conceded by counsel for respondents that the issues were not framed within thirty days after the decree and no further time therefor having been allowed by the court the appeal was not perfected within the time prescribed by the statute and the circuit court did not acquire jurisdiction of the cause. In the early case *Re Oopa,* 3 Haw. 407, it was held that the steps required by statute for taking an appeal must be taken within the prescribed time or the appeal will be ineffective, and the rule thus announced has been consistently adhered to by this court to the present day.

The cause is remanded to the circuit court with instruc-

tions to grant the motion to dismiss the appeal of the respondents and to vacate and set aside the verdict of the jury and the decree therein entered.

*P. L. Weaver* for petitioner-plaintiff in error.

*E. R. Bevins* (*A. G. Correa* with him on the brief) for respondents-defendants in error.