# IN THE MATTER OF THE ESTATE OF CECIL BROWN, DECEASED.

## No. 1222.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. J. T. DeBOLT, JUDGE.

SUBMITTED JANUARY 30, 1920.        DECIDED FEBRUARY 5, 1920.

COKE, C. J., KEMP AND EDINGS, JJ.

ESTATES—*annuities—residuary estates.*

Where an annuity is payable out of the residuary estate of a testator the probate court has jurisdiction to set apart a sufficient sum to answer the annuity and to pay the remainder of the residue to the residuary legatee, and this jurisdiction will be exercised in a proper case notwithstanding the opposition of the annuitant.

### OPINION OF THE COURT BY COKE, C. J.

Cecil Brown, late of Honolulu, died in the year 1917, leaving an estate of the approximate value of $250,000, all of which was disposed of by his last will and testament. The will was duly admitted to probate and in. September, 1917, letters testamentary were issued to H. M. von Holt. After making certain bequests and devises the will contains the following clause: "All the rest, residue and remainder of my estate, real, personal and mixed, and wheresoever situate, I give, devise and bequeath unto my said nephew, Heinrich Martens von Holt, and to his heirs; the only charge on it being that if at any time after my death the estate is in funds and can pay the sum of two hundred and fifty dollars a month so long as my stepdaughter Irene K. Dickson is living, and my reputed daughter Mary K. Brown is living, that one hundred and fifty dollars of said sum

of two hundred and fifty dollars be paid said Irene K. Dickson each month for and during the term of her natural life, and to my reputed daughter Mary K. Brown, during the term of her natural life the remainder, being the sum of one hundred dollars." The rights of Irene K. Dickson have been adjusted in a manner satisfactory to her and are not involved herein. Mary K. Brown has since married, her name now being Mary K. Jarrett. On October 2, 1918, Mr. von Holt, the executor, filed in the circuit court his final accounts and asked for an order approving the accounts, distributing the estate and determining the trust. At the hearing of this petition the executor offered to set aside in trust United States liberty bonds of the par value of $35,000, drawing interest at 4¼ per cent., to secure the payment to Mary K. Jarrett of her annuity for life of $100 per month. Mrs. Jarrett, through her attorneys, while opposing the offer of the executor, did not then, and does not now, make any claim that the property proposed to be set aside is not ample to secure to her the payment of her annuity of $100 per month during her life time as provided for in the will, but she contends that the annuity constitutes a charge upon the estate and therefore the corpus of the entire residuary estate must be held intact during the life time of the annuitant. The judge of the circuit court entered an order approving the final accounts and authorized, empowered and directed the executor to set aside and deliver to the trustee named in the trust deed, which deed was submitted to and approved by the court, United States liberty bonds of the value of $35,000 bearing interest at 4¼ per cent. per annum, to be held by the trustee under the terms of said trust deed for the payment of said annuity of $100 per month to Mrs. Jarrett for the term of her natural life, and further authorized, empowered and directed the

executor to deliver over to Heinrich Martens von Holt all the rest, residue and remainder of the property belonging to the said estate as the residuary legatee free and clear from any lien to secure the payment of Mrs. Jarrett's annuity. From this order Mrs. Jarrett has appealed to the supreme court.

As already indicated counsel for Mrs. Jarrett make no claim that the annuity of their client is not amply and fully secured by virtue of the order of the circuit court but they insist that the circuit court had no authority to make the order setting aside the bonds as security for the payment of the annuity and also that the court was without authority or jurisdiction to distribute said estate to von Holt individually but should have distributed it to him as trustee to be held by him as security for the payment of the legacy reserved to Mrs. Jarrett under the will.

It is obvious that the application of the rule contended for by appellant while affording her no protection or benefit whatsoever might work a great hardship upon the residuary legatee as well as a loss to the estate itself. The legatee's estate would be withheld from him during the entire life time of the annuitant and the estate would be burdened with the expense of administration during that period. If an estate valued at $250,-000 must be held intact to insure the payment of an annuity of $1200 per annum then the same rule would require that an estate of many times that value be retained intact for the entire life time of an annuitant to protect an annuity of a mere nominal amount. And if the annuitant happened to be an infant distribution of any part of the corpus of the estate might thus be delayed for three-fourths of a century or even for a greater period, dependent, of course, upon the tenure of life enjoyed by the annuitant. Such a drastic rule would

inflict needless loss and hardship and is repugnant to common sense and reason.

This same subject has heretofore had the attention of the courts and the uniform rule adopted is that where an annuity is payable out of the estate of a testator the court has jurisdiction to set apart sufficient to answer the annuity; that the annuitant is not entitled to have the estate of the testator realized upon and converted into money further than is necessary for the payment of his debts, funeral and testamentary expenses; after this has been done his right is limited to having the annuity sufficiently secured by the setting apart of such part of the estate as may be adequate for that purpose. 3 C. J. pp. 216, 217; 1 R. C. L. pp. 12, 13. A case similar to the one at bar was before the supreme court of judicature of England, Ch. Div., and that court announced the rule to be that "Where an annuity is payable out of the clear residuary estate of a testator the court has jurisdiction to set apart a sufficient sum to answer the annuity and to pay the remainder of the residue to the residuary legatee, and this jurisdiction will be exercised in a proper case notwithstanding the opposition of the annuitant." *Harbin* v. *Masterman,* 1 L. R. Ch. Div. (Eng.) 351. See also *Scott* v. *Leak,* 42 L. R. Ch. Div. (Eng.) 570. The American rule seems to be the same. "A residuary bequest if given subject to payment of an annuity to another for life is charged with the annuity and before the property is delivered to the legatee the executors should set apart an amount sufficient to meet the annuity from the income." *Healey* v. *Toppan,* 45 N. H. 243. See also *Cummings* v. *Cummings,* 146 Mass. 501, 508; *Treadwell* v. *Cordis,* 5 Gray 341, 351.

Counsel for appellant misinterpret, we think, the import of the language used by this court in two opinions

heretofore rendered which deal with the same will now before us. See *Jarrett* v. *von Holt*, 24 Haw. 419; *Estate of Brown*, 24 Haw. 443. In those opinions it was held that the legacy of $100 a month reserved to Mrs. Jarrett by the terms of the will of Cecil Brown constituted a charge or lien against all the assets of the estate which is prior to any rights enjoyed by the residuary legatee but did not transfer the estate or any interest therein to the annuitant. We see no reason to depart from these conclusions nor do we see anything therein inconsistent with the further conclusion that the claim or lien subsisting in favor of the annuitant does not amount to a vested interest in the property of the estate nor does the existence of such claim or lien preclude the court in the exercise of its probate jurisdiction from putting aside sufficient of the estate to meet the annuity and then distributing the remainder to the residuary legatee.

The order appealed from is affirmed.

*Andrews & Pittman* for appellant.

*Frear, Prosser, Anderson & Marx* for appellee.