WILLIAM R. CASTLE, LORRIN A. THURSTON AND ALFRED L. CASTLE, TRUSTEES UNDER THE WILL OF JAMES B. CASTLE, DECEASED, *v.* HARRY IRWIN, ATTORNEY GENERAL OF THE TERRITORY OF HAWAII, TITUS M. COAN OF NEW YORK, STATE OF NEW YORK, AND HAROLD K. L. CASTLE.

No. 1303.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. J. J. BANKS, JUDGE.

ARGUED FEBRUARY 9, 10, 12, 1921.        DECIDED FEBRUARY 25, 1921.

COKE, C. J., KEMP AND EDINGS, JJ.

APPEAL AND ERROR—*party not appealing not to be heard.*

It is elementary that where a party to a suit does not appeal from the decree entered therein he must be held to acquiesce in it and cannot be permitted to ride into an appellate court upon the appeal of another party to the suit, except that under certain circumstances not existing in this cause a nonappealing party may be heard in the appellate court on the appeal of another by virtue of Act 45 S. L. 1919.

SAME—*trustees' right of appeal.*

It is the general rule that executors, administrators and trustees are in their official capacity indifferent persons as between the real parties in interest and they cannot litigate the interest of one of such parties as against the other at the expense of the estate.

SAME—*appealing party must have interest.*

A party to a suit cannot appeal from a judgment or decree if he is not thereby affected. While section 2508 R. L. 1915 is extremely broad it requires that the appellant in order to entitle him to prosecute an appeal must be aggrieved by the judgment or decree complained of.

OPINION OF THE COURT BY COKE, C. J.

James B. Castle, late of Honolulu, Territory of Ha-

waii, died intestate at Honolulu in April 1918 leaving an estate of the approximate value of $500,000. His will was thereafter duly admitted to probate. By the terms of the will Julia White Castle, his widow, was provided a substantial annuity and upon her death an annual income of not less than $5000 nor more than $40,000 was to be paid to Harold K. L. Castle, the son of the deceased, and an annuity of $600 was directed to be paid to Titus M. Coan, a resident of New York City. The will provides that after these requirements have been satisfied the income from the estate is to be devoted to establishing and maintaining a coeducational boarding school. The widow waived her rights under the will and elected to take dower and is not now interested in the residue of the estate. The son Harold K. L. Castle has entered into an agreement with the trustees of the estate by which he is to be paid a lump sum of money in lieu of all interest which he may have in the estate. The amount to be paid under this agreement depends upon whether or not the annuity provided for Harold under the will has been accelerated by reason of the election of his mother to take dower. That is to say, if acceleration has taken place, he will receive under the compromise agreement the sum of $183,165.53, and if acceleration has not taken place he will receive $103,235.68.

In order to obtain a judicial approval of this compromise agreement and further to have a construction of certain provisions of the will of Mr. Castle the trustees, instituted a suit in equity in the court below, the respondents being Harry Irwin, Esq., attorney general of the Territory, representing the public interests involved in the estate; Titus M. Coan, the annuitant, and Harold K. L. Castle, the son of the decedent. At the conclusion of the hearing a decree was entered by the judge of the circuit court sitting in equity approving the compromise

agreement between the trustees and Harold K. L. Castle, and it was by said decree held that Harold K. L. Castle's annuity was accelerated by the election of said Julia White Castle, widow of testator, to take dower in the estate of the testator and that the said trustees should therefore pay to said Harold K. L. Castle the sum of $183,165.53 under said compromise agreement in full settlement of all his rights and interests in said estate. From this decree Titus M. Coan, the annuitant, through his counsel has perfected an appeal to this court. Upon this appeal of the respondent Coan the trustees by their counsel have assumed the right to appear in opposition to the decree appealed from. Counsel for Harold K. L. Castle urged that the decree should be sustained. The attorney general of the Territory has made no appearance except to communicate to the court his approval of the decree entered by the court below. At the argument it was suggested by the court that the trustees not having appealed from the decree below are not entitled to be heard and that as it appears from the record that the interests of Titus M. Coan are not and cannot be jeopardized to any substantial extent by reason of the decree he should not be heard to complain of it.

After argument upon the questions thus presented we conclude that the trustees have no right to be heard. This same question was considered by the Supreme Court of the United States in *Fitchie* v. *Brown,* 211 U. S. 321, 329, where because the executors had taken no appeal from the decree the court said: "We are of the opinion that counsel for the executors had no right to appear and be heard against the decree, no appeal having been taken from it by his clients." We think it is elementary that where a party to a suit does not appeal from the decree entered therein he must be held to acquiesce in it and cannot be permitted to ride into an appellate court upon

the appeal of some other party to the suit, except that under certain circumstances not existing in this cause a nonappealing party may be heard in the appellate court on the appeal of another by virtue of act 45 S. L. 1919.

Counsel for the trustees have moved the court for permission to perfect their appeal and have filed a motion for the issuance of a writ of certiorari directing the clerk of the court below to transmit here "the appeal and notice of appeal of said petitioners filed in said circuit court November 26th, 1920." Mr. Withington, of counsel for the trustees, stated at the outset of his argument that the trustees had not appealed from the decree of the court below because their position being neutral they had no appealable interest in the controversy. While not deciding the question we are free to say that there appears to be much force in counsels' position for it is the general rule that executors, administrators and trustees are in their official capacity indifferent persons as between the real parties in interest. The funds which come into their hands are held in *custodia legis* to be distributed by the court to those who show themselves entitled to them and it is their duty to distribute the money coming into their hands as the court shall direct. Applying this rule to an executor who attempted to appeal from the decree of the superior court the supreme court of California in *Estate of Marrey*, 65 Cal. 287, speaking through Mr. Justice McKinstry, said: "The appeal of the executor from the decree of settlement and disposition must be dismissed. He cannot in any case litigate the claim of one legatee as against the others at the expense of the estate." In the present case all the beneficiaries under the will except Titus M. Coan are satisfied with the decree of the court below, and the right of the trustees to prosecute an appeal at the expense of the estate is, to say the least, doubtful.

See also *Bryant* v. *Thompson,* 128 N. Y. App. 426. In the New York case the trustees under the will of Francis W. Tracy brought an action for the construction of the will and asked the court to determine which of two parties was entitled to certain funds in plaintiffs' hands as trustees. The judgment rendered decided the question and this was acquiesced in by both of the alleged claimants to the funds who were parties and were of age. The court held that under the law of New York the right to appeal is limited to a party aggrieved and as plaintiffs were not aggrieved by the judgment they were not entitled to appeal.

The supreme court of Hawaii in *Haw'n Trust Co.* v. *Holt,* 24 Haw. 212, recognized and applied the well known rule to the effect that a party to a suit cannot appeal from a judgment or decree if he is not thereby affected. See also *Virden* v. *Hubbard,* 37 Colo. 37; *Goldtree* v. *Thompson,* 83 Cal. 420. It is true that our local supreme court in *Haw'n Trust Co.* v. *Galbraith,* 22 Haw. 78, sanctioned the right of the trustees to appeal, but in that case the trustees had a personal pecuniary interest in the decree of the court from which the appeal was taken. But even if it be conceded that the trustees of the Castle estate had the right of appeal from the decree of the lower court that right has long since been lost to them by reason of their failure to perfect an appeal. From the record before us it appears that the sole step taken by them following the entry of the decree was merely to file with the clerk of the circuit court a notice of appeal. They neither paid the costs, filed a bond nor made the slightest effort to bring to this court the record or any part thereof. As pointed out in the early case *In the Matter of the Petition of Oopa,* 3 Haw. 407, there is a material distinction between an appeal and a notice of appeal. The one refers to an appeal complete in itself, the other to an appeal to

be perfected at some future time. And it was further held in that case that the steps required by statute for taking an appeal must be taken within the prescribed time or the appeal will be ineffective. This rule was approved in *Correa* v. *Felippe,* 24 Haw. 672.

Counsel for the trustees do not offer any excuse what-soever for their failure to perfect their appeal within the time and in the manner provided by law. We cannot believe that counsel are unfamiliar with the plain and obvious requirements of our statutes of appeal and if this be granted the failure to perfect their appeal within the time and in the manner specified was either due to inexcusable neglect or to an abandonment of their intention to appeal after having filed their notice. But whatever the reason for their inaction they have no right to expect relief at the hands of this court. Their motion for a writ of certiorari is an innovation in this jurisdiction. That this common law writ may properly be invoked to perfect the appeal of a party in default under our statutes presents a doctrine as novel as it is untenable.

Referring now to the status of Titus M. Coan we find from the record that his interest in the estate goes only to the extent of having paid to him during his life time his annuity of $600. The record discloses that on April 7, 1920, the trustees had in their hands funds of the estate amounting to $483,041.71, and that there was an additional $75,000, a part, if not all, of which would probably be paid to them at a subsequent time. Under the will the first claim upon this fund after settlement with the widow was that of Titus M. Coan and it clearly appears that the interests of Coan cannot be in the least jeopardized by the payment to Harold K. L. Castle of the sum of $183,165.53 instead of the sum of $103,235.68, for in either event a fund of not less than $300,000 will remain in the hands of the trustees to meet the $600

annuity of Coan. The language of our statute, that is, section 2508 R. L. 1915, is extremely broad and permits appeals from all decisions, judgments, orders or decrees of circuit judges at chambers to the supreme court except in cases where the appellant is entitled to appeal to a jury. But the language of this statute should be held, in order to make sense of it, to require that the appellant in order to entitle him to prosecute an appeal must be aggrieved by the judgment or decree complained of. Only persons who have substantial grievances, that is to say, who are affected or prejudiced by the judgment or decree, ought to be heard in the appellate court. Judicial tribunals sit only for the determination of real controversies between parties who have a legal interest of at least technical sufficiency in the subject-matters embraced in the records of causes pending in courts. Merely abstract or moot questions will not be determined on appeal and feigned or fictitious appeals ought not to be tolerated. We do not hold that Coan is without a technical legal right to appeal yet his annuity is so obviously and completely protected, irrespective of whether the decree of the court below is affirmed or reversed, and his actual interest in the controversy is of such a remote and evanescent character as to occasion surprise that he should be here prosecuting this appeal. *Haw'n Trust Co.* v. *Holt, supra; Estate of Brown,* 25 Haw. 327; *Cowherd* v. *Kitchen,* 77 N. W. 1107. In dealing with the same estate we recently held that the election of the widow to take her dower operated to accelerate the provision in the will in favor of Harold K. L. Castle and to make his annuity an immediate charge upon the estate. See *Estate of Castle,* 25 Haw. 108. In the decree herein appealed from the court below with entire propriety followed the opinion of this court.

Under the circumstances above outlined the motions

interposed by the trustees should be denied, and as to Titus M. Coan the decree appealed from should be affirmed and it is so ordered.

*A. Withington* and *A. L. Castle* (*Robertson, Castle & Olson* on the brief) for petitioners.

*Marguerite K. Ashford* for respondent Titus M. Coan.

*R. B. Anderson* and *U. E. Wild* (*Frear, Prosser, Anderson & Marx* on the brief) for respondent H. K. L. Castle.