## IN THE MATTER OF THE ESTATE OF AMOY AKUNA AMASIU, DECEASED.

### No. 2525.

SUBMITTED MARCH 11, 1943.          DECIDED MAY 13, 1943.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY LE BARON, J.

This proceeding purports to be an appeal from the decree of a circuit judge at chambers in probate. The decree sustained a plea in bar made by the appellee and dismissed the appellant's petition for revocation of probate of will.

The record shows that the decree was filed on the 12th day of August, 1942, and that the appellant filed notice of appeal on the 20th day of August, 1942. There is no disclosure that accrued costs were paid.

Counsel for appellee in their brief call attention to the record which they allege does not show jurisdictional facts to sustain an appeal. Although authorities are cited, they make no motion to dismiss, declaring that "This is a jurisdictional matter which it does not lie within the power of the appellee to waive if he would." It is fundamental that an appeal is not operative unless jurisdiction to hear the case on the merits is conferred upon the appellate

court, and, as it is the duty of an appellate court in every case to examine its jurisdiction, even if the point had not been raised, this court is confronted at the outset with the determining of whether it should *sua sponte* dismiss the proceeding. (*Bremner* v. *Thomas*, 25 F. [2d] 301; *City of Troy* v. *Murphree*, 214 Ala. 118, 107 So. 83.)

The right to appeal is purely of statutory origin, entirely unknown to the common law (*Boyd* v. *Logan Jones Dry Goods Co.*, 74 S. W. [2d] 598), and therefore a party desiring to avail himself of such privilege must comply with the statute authorizing the appeal. In this territory there is but one statute (R. L. H. 1935, § 3501, as amended by S. L. 1941, Act 122) wherein the legislature confers the right of appeal from a decree of a circuit judge in chambers. It provides: "Appeals shall be allowed from all decisions, judgments, orders or decrees of circuit judges in chambers, to the supreme court, * * * whenever the party appealing shall file notice of his appeal, and pay the costs accrued within five days after the filing of the decision, judgment, order or decree appealed from * * * " and it should be noted that no provision is made for an extension of time or relief for noncompliance.

This court has consistently held that the steps required by statute for taking an appeal must be taken within the time fixed by statute, which rule prevails generally in other jurisdictions under similar statutes. (*The King* v. *Sylvester Cullen*, 3 Haw. 122; *In the matter of petition of Oopa*, 3 Haw. 407; *Makaio* v. *Adamu*, 14 Haw. 411; *Correa* v. *Felippe*, 24 Haw. 672; see *Paakuku* (*w.*) v. *Komoikehuehu*, 3 Haw. 642, where time was fixed by rule of court. Re exceptions see *Kapiolani Est.* v. *Peck & Co.*, 14 Haw. 580. Re error criminal case see *Ter.* v. *Wills*, 26 Haw. 469. For collections of authorities of other jurisdictions see 4 C. J. Sec. § 455, p. 925, n. 42.) Furthermore, the statutory requirements that "the party appealing shall

file notice of his appeal, and pay costs accrued within five days after the filing of the * * * decree * * * " are jurisdictional as well as being mandatory (*Bremner* v. *Thomas, supra*), and the burden rests upon the appellant to show by compliance with the statute appellate jurisdiction. (*Thompson* v. *A. J. Thompson Stone Co.*, 81 Ind. App. 442, 144 N. E. 150.) This burden obviously has not been sustained, for the record establishes the fact that the notice was filed eight days after the filing of the decree, which was three days after the statutory period for taking an appeal had terminated, and does not show payment of costs at any time.

It follows therefrom that the appeal was not taken within five days after the filing of the decree, so the decree therefore no longer was susceptible to the procedure authorized by section 3501 as amended. The right of appeal which was in the appellant not having been exercised ceased to exist upon the expiration of the time prescribed by statute. Consequently there was nothing thereafter which the appellant could do to redeem the right lost by noncompliance with the legislative mandate, and neither could the right be revived by waiver, consent, or even order of court. (*Kapiolani Est.* v. *Peck & Co.*, 14 Haw. 580.)

Thus, the untimely procedure taken by the appellant is a nullity, utterly ineffective to operate as an appeal. The appellate court, therefore, has acquired no jurisdiction.

The proceeding is dismissed.

*W. C. Achi* for petitioner-appellant.

*W. H. Heen* and *M. K. Ashford* for respondent-appellee.